Fred M. SIMMONS, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. No. 4:93CV142.

United States District Court,
W.D. North Carolina,
Shelby Division.

Oct. 24, 1994.

Fred M. Simmons, plaintiff pro se.

Thomas Holderness, U.S. Dept. of Justice, Washington, DC and Clifford C. Marshall, Asst. U.S. Atty., W.D.N.C., Asheville, NC, for defendant.

### MEMORANDUM OF OPINION AND ORDER

VOORHEES, Chief Judge.

**THIS MATTER** is before the Court on the following matters: 1) a motion to compel filed by Defendant United States of America (United States) on January 27, 1994; 2) a motion to dismiss, or in the alternative, for partial summary judgment, filed by the United States on February 14, 1994; and 3) Plaintiff's objections to the motion to compel answers to interrogatories, filed February 18, 1994.

### I. PROCEDURAL BACKGROUND

Plaintiff originally sued the United States, the Internal Revenue Service (IRS), and various individual IRS agents seeking an injunction prohibiting Defendants from contacting his wife and entering his land; a declaration that a July 31, 1991, tax sale is void; a declaration that the IRS engaged in RICO activities; monetary damages and an apology. The claim for monetary damages was construed to be a claim pursuant to 26 U.S.C. § 7433 for unauthorized collection activities. On June 15, 1994, this Court issued its Memorandum of Opinion and Order of Dismissal, 1994 WL 506191, in which all claims except for the § 7433 cause of action were dismissed as to the United States and all claims against the other Defendants were dismissed in their entirety.

In that Order, the United States was asked to advise whether the motion to compel had been rendered moot. The United States advised by Notice filed June 27, 1994, that the motion was not moot.

In the June 15, 1994, Order, this Court also gave notice to the Plaintiff, who is proceeding *pro se*, that the United States had moved for summary judgment and advised in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), of the appropriate format for responses to that motion. No response has been received from the Plaintiff to the motion to dismiss or, in the alternative, for partial summary judgment.

On July 1, 1994, the Plaintiff moved for reconsideration of the June 15, 1994, Order.

For the reasons stated below, the Court grants the United States' motion for summary judgment, finds the motion to compel and Plaintiff's objections thereto are rendered moot, denies the motion to reconsider and dismisses the action in its entirety.

## II. MOTION TO RECONSIDER

The Court will first dispose of the Plaintiff's motion for reconsideration. The Plaintiff's arguments and case citations have been considered, but the Court does not find that its prior Order was erroneous. The motion is therefore denied.

## III. STANDARD OF REVIEW FOR SUMMARY JUDGMENT

"A motion for summary judgment is appropriate in any civil action in which there is no genuine issue of material fact and one party is entitled to judgment as a matter of law." Shepard's, *Motions in Federal Court*, § 9.17 (2d ed. 1991). The party moving for summary judgment has the burden of showing that there are no facts, combination of facts or evidence supporting the nonmoving party's case. *Id.* at § 9.23. In ruling on such a motion, the Court will consider that

> [s]ummary judgment is appropriate under Fed.R.Civ.P. 56 when there is no genuine issue as to any material fact and judgment is proper as a matter of law. There is no genuine issue of material fact, and summary judgment is therefore appropriate, when the record as a whole could not lead a rational trier of fact to find for the nonmoving party.

*Id.* at § 9.27. In ruling on the pending motion, the Court will view the pleadings and material presented in the light most favorable to the Plaintiff, as the nonmoving party. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), *on remand In re Japanese Electronic Products Antitrust Litigation*, 807 F.2d 44 (3d Cir.1986), *cert. denied*, *Zenith Radio Corp. v. Matsushita Electric Industrial Co.*, 481 U.S. 1029, 107 S.Ct. 1955, 95 L.Ed.2d 527 (1987).

## IV. DISCUSSION

The United States has moved for summary judgment on the claim for unauthorized collection activities on two grounds: first, that Plaintiff failed to exhaust administrative remedies and second, that Plaintiff failed to initiate this action within the period prescribed by the statute of limitations.

▮ Section 7433 of Title 26, United States Code, provides a civil cause of action for collection activities by IRS employees in reckless or intentional disregard of statutory or regulatory provisions. However, the statute provides that damages are not available unless the plaintiff has first exhausted all administrative remedies within the IRS. 26 U.S.C. § 7433(d)(1). Case law has interpreted this provision as jurisdictional, dismissing outright claims in which administrative remedies have not been exhausted. *Conforte v. United States*, 979 F.2d 1375, 1377 (9th Cir. 1992); *Information Resources v. United States*, 950 F.2d 1122, 1125–27 (5th Cir.1992); *Venen v. United States*, 73 A.F.T.R.2d (P–H) para. 94–825, 1994 WL 159444 *1, 1994 U.S.Dist. LEXIS 351 *1 (W.D.Pa.1994); *Music Deli & Groceries, Inc. v. IRS*, 781 F.Supp. 992, 997 (S.D.N.Y.1991). The United States has filed an affidavit from Harry L. Martin, Chief, Special Procedures Branch, IRS, in which he states that Plaintiff has not filed an administrative claim in accordance with the applicable Treasury Regulations. **Affidavit, filed February 14, 1994, *attached to* United States' Motion to Dismiss, or in the Alternative for Partial Summary Judgment.** Plaintiff alleged in his complaint that he had exhausted such remedies and later, in response to the United States' first motion to dismiss, claimed that he has "in fact filed appeals, tax court petitions and wrote numer-

ous letters over a period of years to the IRS." **Plaintiff's Answer to Counterclaim Objection to Motion to Dismiss and Response to Magistrate's Memorandum and Recommendation, filed November 3, 1993.** Nonetheless, in response to the motion for summary judgment, Plaintiff has failed to provide any response and has not attached to any pleading proof of such exhaustion.

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e). Plaintiff was advised verbatim of this Rule in the Order of June 15, 1994. Memorandum of Opinion and Order of Dismissal, 1994 WL 506191 at *2. It is therefore appropriate to grant summary judgment for failure to exhaust administrative remedies.

 In addition to the requirement that administrative remedies be exhausted, the statute prescribes its own statute of limitations. "[A]n action to enforce liability created under this section may be brought ... only within 2 years after the date the right of action accrues." 26 U.S.C. § 7433(d)(3). The Plaintiff alleges in his complaint that Notice and Demand was served by the IRS on May 14, 1990. **Exhibit A, Affidavit of Revenue Officer,** *attached to* **the Plaintiff's Complaint.** The parties do not dispute that the property was levied on December 19, 1990. **Levies,** *attached to* **Complaint.** This cause of action accrued when a collection action began. "[A] notice and demand for payment constitutes a collection action, as does the filing of a notice of tax lien." *Miller v. United States,* 763 F.Supp. 1534, 1543 (N.D.Cal.1991); *Gonsalves v. United States,* 782 F.Supp. 164, 170 (D.Me.), *aff'd,* 975 F.2d 13 (1st Cir.1992) **(legal notice that the taxpayer's position is disallowed starts the running of the statute).** The latest date at which the statute could begin to run was December 19, 1990; thus, Plaintiff's complaint filed July 30, 1993, was untimely. Summary judgment must be granted for the United States as a matter of law.

## V. MOTION TO COMPEL

In view of the above rulings, the United States' motion to compel and Plaintiff's objections thereto are moot.

## VI. ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's motion for reconsideration is hereby **DENIED;** and

**IT IS FURTHER ORDERED** that the United States' motion for summary judgment as to Claim IV is hereby **GRANTED,** and this action will be dismissed by way of Judgment filed herewith; and

**IT IS FURTHER ORDERED** that the United States' motion to compel and Plaintiff's objections thereto are **DENIED** as moot.