Paul J. BERRIDGE, et al., Plaintiffs,

v.

Lawrence A. HEISER, et al., Defendants.

No. C–2–95–272.

United States District Court,
S.D. Ohio,
Eastern Division.

Dec. 4, 1997.

Reconsideration Denied Feb. 5, 1998.

---

Paul J. Berridge, pro se.

Linda G. Berridge, pro se.

Arthur James Marziale, Jr., Elizabeth A. Scott, Andrew S. Bergman, Ohio Attorney General—2, Chief Counsel's Staff Section, Columbus, OH, for Defendant.

## OPINION AND ORDER

KINNEARY, District Judge.

This matter is before the Court on two motions to dismiss filed by Defendants, including the motion to dismiss Plaintiffs' Amended Complaint filed by Defendant, Lawrence A. Heiser, and United States' motion to dismiss. Defendant Heiser also requests the opportunity to present an oral argument on his motion. For the reasons stated below, the Court **GRANTS** Defendants' motions. The Court **DISMISSES** Counts I through IV **WITH PREJUDICE** with the exception of that portion of Count III that relates to the improper disclosure of information; the Court **DISMISSES** that portion of Count III **WITHOUT PREJUDICE**. Finally, the Court finds that (1) the request by Defendant, Lawrence A. Heiser, for oral arguments pursuant to Southern District of Ohio Local Rules 7.1(b)(1); and (2) Defendant Heiser's motion to dismiss on the basis of qualified immunity are **MOOT**. This case is **TERMINATED**.

### I. FACTS

Plaintiff Paul Berridge inherited 230 acres of coal mining land in southern Ohio. In the 1940s and 1950s, well before Plaintiff Paul Berridge acquired the land, the previous owners used the land as a strip mine. At the time of inheritance, one hundred forty acres of the mine was devoid of vegetation and leaching acidic water into a nearby stream. After acquiring the land, Plaintiffs, Paul and his wife, Linda Berridge, decided to operate a small coal mine reclamation business on the land.

In 1979, Plaintiffs applied for and received a $900,000 grant from a state abandoned mine reclamation program. The grant was to be used for cleaning up the environmental problems associated with the land. Plaintiffs used the grant money for work done on the mine in 1981 and 1982.

On April 11, 1987, the IRS ruled that this $900,000 grant received by Plaintiffs would be treated as "ordinary income" for the purposes of Plaintiffs' tax returns. Plaintiffs had not included the grant money in their tax

returns as ordinary income and had thus grossly underpaid their federal income taxes. Consequently, the IRS recalculated Plaintiffs' taxes for a number of years and a delegate of the Secretary of the Treasury of the United States issued a notice of tax deficiency in the amount of $776,161.70 in back taxes and interest.

The IRS's decision was widely reported. Two articles about the decision appeared in various reporters published by the Bureau of National Affairs ("BNA"), a legal publisher based in Washington, D.C. (*See* Doc. # 45 Ex. 16.)

Following the IRS's decision, Plaintiffs brought suit in this Court seeking a temporary restraining order to restrain Plaintiffs' creditors from foreclosing their secured assets until Plaintiffs could have their tax issues resolved in United States Tax Court. *See Berridge v. IRS,* No. C–2–87–742 (S.D. Ohio filed Feb. 18, 1988). This Court denied Plaintiffs' motion for the temporary restraining order.

After losing their suit in this Court, Plaintiffs still had the option to appeal the IRS' ruling in Tax Court. Plaintiffs, however, failed to pursue their claim in Tax Court. On September 22, 1987, a delegate of the Secretary of the Treasury recorded a Notice of Federal Tax Lien in the amount of $776,-161.70 based upon the assessments made against Plaintiffs. The notice was recorded in the Recorder's Office of Jackson County, Ohio.

Next, the State of Ohio took the IRS's calculation of the Plaintiffs' ordinary income and recalculated the amount of state taxes owed by the Plaintiffs for relevant tax years. The State of Ohio determined that Plaintiffs owed the state approximately $113,000. In 1989, the Ohio Department of Taxation filed a Precipe—a written instruction to the clerk of courts telling the clerk to take some action—and took a lien against Plaintiffs for approximately that amount.

On November 28, 1994, Lawrence Heiser, Special Counsel for the Attorney General of Ohio appointed pursuant to Ohio Revised Code Annotated § 109.08 (Anderson 1990), filed suit in the Court of Common Pleas for Jackson County (Ohio) to satisfy the lien for the State of Ohio. Throughout December 1994 and January 1995, Heiser filed affidavits of garnishment. As a result of these filings, Judge Leonard F. Holzapfel of the Court of Common Pleas for Jackson County (Ohio) ordered various accounts and personal earnings of Plaintiffs garnished. Plaintiffs filed objections to the garnishments. On January 3, 1995, Judge Holzapfel conducted a hearing on the garnishment of Plaintiffs' personal earnings. Judge Holzapfel found that certain funds garnished by Heiser actually belonged to Plaintiffs' son and were not properly garnished.

Because Plaintiffs alleged that the State of Ohio's lien was junior to the United States' lien, Plaintiffs then joined the United States of America as a party in the Jackson County case. The United States removed that lawsuit to this Court. On June 20, 1995, this Court dismissed the action. This Court noted that:

> On June 1, 1995, the State of Ohio Department of Taxation filed a notice of voluntary dismissal under [Federal Rule of Civil Procedure] 41(a)(1)(I).... The Court of Common Pleas for Jackson County, Ohio has jurisdiction over the garnisheed monies, and [Plaintiffs] should petition that court for the release of the garnished monies.

> Counsel for the United States indicated that the [IRS] has advised her that some or all of [Plaintiffs'] federal taxes are going to be abated. There may or may not be some small remaining Federal tax liability. [Counsel for the United States] believes that the IRS is close to issuing the abatement and hope to do so in a couple of weeks.

*State of Ohio, Dep't of Taxation v. Berridge,* No. C–2–95–445 (S.D. Ohio filed June 20, 1995). On June 26, 1995, Judge Holzapfel released some of the garnishment funds to Plaintiffs.

In the interim, Plaintiffs filed the present suit. In their amended complaint, Plaintiffs claim in Count I that Defendant Heiser deprived Plaintiffs of their Fourteenth Amendment substantive and procedural due process by engaging in the garnishment proceedings. Further, Plaintiffs request both a judgment

that the procedures be held unconstitutional and an order requiring Defendant Heiser to remove the judgment liens. In Count II, Plaintiffs ask for punitive damages for Defendant Heiser's alleged abuse of office. In Count III, Plaintiffs bring a cause of action against the United States of America for improperly disclosing their tax information to Defendant Heiser. "[A]s a secondary additional action," Plaintiffs seek a judgment that the procedures followed by the IRS violated Plaintiffs' Fifth Amendment substantive and procedural due process rights. Finally, in Count IV of their Amended Complaint, Plaintiffs claim that the IRS violated the Privacy Act by not making a proper factual record of Plaintiffs' tax information and by failing to maintain proper tax records. In Count IV, Plaintiffs also allege that the IRS improperly disclosed information about Plaintiffs' tax case to BNA. Plaintiffs allege that BNA used that improperly disclosed information in its articles about Plaintiffs' tax case.

## II.  STANDARD OF REVIEW

Defendants move to dismiss Plaintiffs' Amended Complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim upon which relief can be granted. The purpose of a motion under Rule 12(b)(6) is to test the sufficiency of the complaint. When considering a motion to dismiss pursuant to Rule 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded allegations in the complaint as true. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The court will grant a motion for dismissal under Rule 12(b)(6) only if there is an absence of law to support a claim of the type made, or of facts sufficient to make a valid claim, or if on the face of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim. *See generally Rauch v. Day & Night Mfg.,* 576 F.2d 697, 702 (6th Cir.1978); *Ott v. Midland–Ross Corp.,* 523 F.2d at 1367, 1369 (6th Cir.1975); *Brennan v. Rhodes,* 423 F.2d 706 (6th Cir.1970).

■ In this case, Plaintiffs are proceeding pro se. A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *See Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *see also Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). A court should make a reasonable attempt to read the pleadings to state a valid claim on which the plaintiff could prevail, despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with the pleading requirements. *See Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991). This standard does not mean, however, that pro se plaintiffs are entitled to take every case to trial. *See Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir.1996). Indeed, courts should not assume the role of advocate for the pro se litigant. *See Hall,* 935 F.2d at 1110.

## III.  MOTIONS TO DISMISS BY HEISER

### A.  Due Process Violation—Count I

■ In the first count of Plaintiffs' amended complaint, Plaintiffs bring an action under 42 U.S.C. § 1983 alleging that Defendant Heiser deprived them of their civil rights. In particular, Plaintiffs allege that Heiser violated both their "[substantive] due process and procedural due process [rights] under the Fourteenth Amendment." (Doc. # 30 at 19.) A section 1983 claim must satisfy two elements: "1) the deprivation of a right secured by the Constitution or laws of the United States and 2) the deprivation was caused by a person acting under color of state law." *Simescu v. Emmet County Dep't of Soc. Servs.,* 942 F.2d 372, 374 (6th Cir.1991)(citing *Flagg Brothers, Inc. v. Brooks,* 436 U.S. 149, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978)).

### 1.  Procedural Due Process

■ To establish a procedural due process claim in a section 1983 action, plaintiffs must establish three elements: (1) that they have a life, liberty or property interest protected by the Due Process Clause; (2) that this interest was deprived within the meaning of

the Due Process Clause; and (3) that the state did not afford them adequate procedures prior to depriving them of their protected interest. *See Daniels v. Williams,* 474 U.S. 327, 329–30, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *see also Franklin v. Aycock,* 795 F.2d 1253, 1261–62 (6th Cir. 1986); *Haag v. Cuyahoga County,* 619 F.Supp. 262, 279 (N.D.Ohio 1985), *aff'd* 798 F.2d 1414, 1986 WL 17279 (6th Cir.1986).

■ The Sixth Circuit discussed procedural due process actions in *Vicory v. Walton,* 721 F.2d 1062 (6th Cir.1983). In *Vicory,* the court held "that for purposes of § 1983 damage suits claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Id.* at 1066. Stated differently,

a party may maintain a procedural due process § 1983 case in federal court only if that party alleges and proves that there was a constitutional violation under color of law and,

1. The state did not have any remedy; or

2. The state had a remedy but it was deemed inadequate; or

3. The state had an adequate remedy in form, both procedurally and in damages, but the state did not apply it or misapplied its remedy.

*Haag,* 619 F.Supp. at 278–79. In this case, Plaintiffs' amended complaint, liberally construed, appears to indicate that the state garnishment procedures under O.R.C. § 2716.12 deprived Plaintiffs of their Fourteenth Amendment property rights. (Doc. # 30 at 19.) Thus, Plaintiffs have met the first two factors required under *Daniels. See Daniels,* 474 U.S. at 329–30.

■ Nevertheless, Plaintiffs' failure to identify and present allegations of sufficient facts as to why the proceedings were not adequate prior to the deprivation of their property is fatal. So long as Plaintiffs had an opportunity to be heard "at a meaningful time and in a meaningful manner," Plaintiffs have been afforded their due process rights. *See Armstrong v. Manzo,* 380 U.S. 545, 552, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965); *see also*

*Mathews v. Eldridge,* 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). In this case, Plaintiffs have not alleged sufficient facts for the Court to find that there were no adequate procedures afforded to them prior to their alleged property deprivation. The Civil Rights Act does not provide relief from allegedly erroneous action by judicial systems; nor does the Act guarantee uniformity of decisions. *See Snowden v. Hughes,* 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497 (1944)(Frankfurter, J., concurring); *Taylor,* 409 F.Supp. at 935. To hold otherwise, "would open the door wide open to every aggrieved litigant in a state court proceeding and set the federal courts up as arbitrators of the correctness of the decision." *Bottone v. Lindsley,* 170 F.2d 705, 707 (10th Cir.1948). Consequently, Plaintiffs' failure to allege more than a bald assertion that Heiser violated Plaintiffs' procedural due process rights fails to state a claim upon which relief can be granted.

### 2. Substantive Due Process

■ "Substantive due process affords only those protections so rooted in the traditions and conscience of our people as to be ranked fundamental. It protects those interests, some yet to be enumerated, implicit in the concept of ordered liberty." *Charles v. Baesler,* 910 F.2d 1349, 1353 (6th Cir.1990) (citations omitted). There are two types of substantive due process claims:

The first type includes claims asserting denial of a right, privilege, or immunity secured by the Constitution or by federal statute other than procedural claims under "the Fourteenth Amendment simpliciter."

The other type of claim is directed at official acts which may not occur regardless of the procedural safeguards accompanying them. The test for substantive due process claims of this type is whether the conduct complained of "shocks the conscience" of the court.

*LRL Properties v. Portage Metro Hous. Auth.,* 55 F.3d 1097, 1111 (6th Cir.1995)(quoting *Mertik v. Blalock,* 983 F.2d 1353, 1367 (6th Cir.1993)). "Thus, substantive due process serves 'as a check on official misconduct which infringes on a "fundamental right" or as a limitation on official misconduct, which

although not infringing on a fundamental right, is so literally "conscience shocking," hence oppressive, as to rise to the level of a substantive due process violation.'" *Callihan v. Sudimack*, 117 F.3d 1420, 1997 WL 397212, at *3 (6th Cir.1997)(quoting *Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996)).

Plaintiffs' Amended Complaint contains an allegation that Heiser violated Plaintiffs' substantive due process rights. Plaintiffs, however, offer no explanation of the precise constitutional rights allegedly at issue other than to infer that Heiser's actions violate the Fourteenth Amendment. Instead, Plaintiffs' allegations are both highly conclusory and devoid of allegations of sufficient facts. "A plaintiff in a civil rights action is required to set forth alleged conduct and resultant harm in a way which will permit an informed ruling whether the wrong complained of is of federal cognizance." *Taylor v. Nichols*, 409 F.Supp. 927, 934 (D.Kan.1976)(citing *Rodes v. Municipal Auth.*, 409 F.2d 16 (3d Cir.1969)), *aff'd* 558 F.2d 561 (10th Cir.1977).

Mere conclusory allegations that unspecified Fourteenth Amendment rights have been infringed will not suffice to state a claim upon which relief can be granted. *See, e.g., Smith v. Rose*, 760 F.2d 102, 106 (6th Cir.1985); *Robinson v. McCorkle*, 462 F.2d 111 (3d Cir.1972); *Hill v. McClellan*, 490 F.2d 859 (5th Cir.1974); *Taylor*, 409 F.Supp. at 934. In particular, Plaintiffs have not alleged that they are a member of a suspect class. *Cf.* John E. Nowak and Ronald D. Rotunda, *Constitutional Law* 378 (4th ed.1991). Further, Plaintiffs have not asserted a denial of a right, privilege or immunity secured by the Constitution, i.e. a "fundamental right." Finally, although Plaintiffs have alleged that they have a property right that has been impaired, not all property rights are protected by substantive due process. "While property interests are protected by procedural due process even though the interest is derived from state law rather than the Constitution, substantive due process rights are created only by the Constitution." *Regents of University of Mich. v. Ewing*, 474 U.S. 214, 106 S.Ct. 507, 88 L.Ed.2d 523 (1985). In order to be validly recognized as a property right implicitly protected by the Constitution, that right must be closely tied to a "respect for the teachings of history, solid recognition of the basic values that underlie our society, and wise appreciation of the great roles that the doctrines of federalism and separation of powers have played in establishing and preserving American freedoms." *Griswold v. Connecticut*, 381 U.S. 479, 501, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965). In this case, Plaintiffs alleged deprivation of a property interest by means of the state's garnishment proceedings fails to involve a right deeply rooted in this nation's history. Because Plaintiffs have failed to allege sufficient fact to support their substantive due process claim, the Court cannot grant them relief.

The Court thus finds that any asserted claim of denial of due process, both substantive and procedural, is without sufficient allegations of fact. Consequently, Plaintiffs cannot prove that they are entitled to relief because they have failed on the face of their complaint to identify what constitutional right is implicated by Heiser's alleged action. Therefore, the Court **GRANTS** Defendant Heiser's motion to dismiss as it relates to Count I of Plaintiff's Amended Complaint and hereby **DISMISSES** Count I **WITH PREJUDICE.**

### B. Abuse of Office—Count II

Plaintiffs' second count alleges that Defendant Heiser abused his office by "conspir[ing] with disgruntled federal IRS employees to make improper use of a state garnishment process to enrich his own standing and injure" Plaintiffs. (Doc. #33 at 5.) A public official violates § 1983 if (1) while acting under the color of state law, (2) he deprives the plaintiff of a right secured by the Constitution. *See Cassady v. Tackett*, 938 F.2d 693, 695 (6th Cir.1991). "It is firmly established that a defendant in a § 1983 suit acts under color of state law when he abuses the position given to him by the State." *Id.* (quoting *West v. Atkins*, 487 U.S. 42, 49–50, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988)). Because Defendant Heiser acted as Special Counsel for the Attorney General when performing the alleged abuse of office,

Plaintiffs can satisfy the first element of their abuse of office claim. *See* Ohio Rev.Code Ann. § 109.05 (Anderson 1990).

■ In order to satisfy the second element of a § 1983 claim, Plaintiffs must allege that Defendant Heiser misused his power in a way that violates their federal constitutional rights. *See Christian v. Belcher,* 888 F.2d 410, 414 (6th Cir.1989). Plaintiffs have not alleged enough facts in their complaint to successfully state a claim against Defendant Heiser for violating Plaintiffs' constitutional rights. Plaintiffs have not cited any constitutional right that Defendant Heiser allegedly violated; nor can the Court, on its own, find a right that Defendant Heiser violated.

Consequently, Plaintiffs have failed to plead enough facts that would entitle them to relief. Therefore, the Court **GRANTS** Defendant Heiser's motion as it relates to Count II of Plaintiffs' amended complaint and **DISMISSES** Count II **WITH PREJU-DICE.**

## IV.  MOTION TO DISMISS BY UNITED STATES

### A.  Improper Disclosure of Private Information by the IRS— Count III

In Count III of Plaintiffs' Amended Complaint, Plaintiffs allege that the IRS "disclosed information from the [Plaintiffs' IRS] file to Lawrence A. Heiser for his improper use." (Doc. # 30 at 17.) Plaintiffs also allege "as a secondary additional action, ..., that the procedures followed by the [IRS] in issuing a notice of income tax deficiency" deprived Plaintiffs of their liberty and property interests in violation of Plaintiffs' substantive and procedural due process rights under the Fifth Amendment. (*Id.* at 17–18.) The Court will first examine Plaintiffs' improper disclosure claim and then address Plaintiffs' "secondary additional action."

### 1.  Improper Disclosure

Plaintiffs allegation that the IRS improperly disclosed information to Defendant Heiser is essentially a claim that the IRS violated the Privacy Act, 5 U.S.C. § 552a (1994). In their amended complaint, Plaintiffs allege that Heiser improperly received "return information" about Plaintiffs' tax returns. (Doc. # 45 at 10.) Plaintiffs use the definition of "return information" found at 26 U.S.C. § 6103 (1994). (*Id.*)

■ Section 7431 of United States Code, Title 26, provides a mechanism for the award of civil damages for the unauthorized disclosure of tax returns and "return information" (as defined in 26 U.S.C. § 6103). *See* 26 U.S.C. § 7431(a)(1) (1994). Plaintiffs, however, bring their suit pursuant to the Privacy Act. The Court finds that Plaintiffs bring their cause of action under the wrong statutory scheme. Section 7431 provides Plaintiffs with the exclusive remedy by which they may bring a cause of action for improper disclosure of return information. *Cf. Mid-South Music Corp. v. Kolak,* 756 F.2d 23, 25 (6th Cir.1984); *Cheek v. IRS,* 703 F.2d 271, 271–72 (7th Cir.1983); *O'Connor v. United States,* 669 F.Supp. 317, 323 (D.Nev.1987), *aff'd* 935 F.2d 275, 1991 WL 99478 (9th Cir. 1991). Consequently, 26 U.S.C. § 7431 prevents the Court from asserting jurisdiction over Plaintiffs' claims.

Therefore, the Court **GRANTS** the motion by Defendant United States to dismiss Count III of Plaintiffs' Amended Complaint and **DISMISSES** Court III **WITHOUT PREJU-DICE** with respect to the claims that the IRS improperly disclosed information to Lawrence A. Heiser. Plaintiffs may refile their claim against the United States pursuant to 26 U.S.C. § 7431 only with respect to the improper disclosure claim.[1]

### 2.  Violation of Plaintiffs' Due Process

■ Plaintiffs also bring a "secondary additional action" in Count III of their Amended Complaint. In that additional action, Plaintiffs allege that the IRS's procedures

---

1.  Plaintiffs allege that the IRS improperly disclosed return information in November 1994. Plaintiffs filed their initial complaint in this case on March 13, 1995.  26 U.S.C. § 7431 contains a two year statute of limitation. *See* section IV. B.2, *infra.* Thus, Plaintiffs' claims are not time-barred under 26 U.S.C. § 7431.

"in issuing a notice of income tax deficiency" violated Plaintiffs' substantive and procedural due process rights under the Fifth Amendment. (Doc. # 30 at 20.) The Court finds that Plaintiffs' claims are without sufficient allegations of fact to support their claim. As noted above, mere conclusory allegations that unspecified Fifth Amendment rights have been infringed will not suffice to state a claim upon which relief can be granted. *See, e.g., Smith,* 760 F.2d at 106; *Robinson,* 462 F.2d at 111; *Hill,* 490 F.2d at 859; *Taylor,* 409 F.Supp. at 934. Because Plaintiffs have failed to support both their substantive and procedure due process claim with sufficient allegations of facts, the Court cannot grant them relief. Consequently, for the reasons set forth in Sections III.A.1. and III.A.2. of this Opinion and Order, the Court **GRANTS** the United States' motion to dismiss as it relates to Plaintiffs' allegations of a violation of their due process rights in Count III of Plaintiffs' amended complaint and hereby **DISMISSES** that portion of Count III **WITH PREJUDICE.**

### B. Failure to Maintain Records by the IRS—Count IV

In Count IV of Plaintiffs' Amended Complaint, Plaintiffs allege that the IRS failed to maintain "accurate records that assured [Plaintiffs] reasonable fairness in the agency's decisions and determinations and [that the IRS] deliberately injured" Plaintiffs. (Doc. # 30 at 19.) Plaintiffs also allege that the IRS "deliberately publicized its intent to make a finding against [Plaintiffs] in a Bureau of National Affairs[] Environmental Reporter." (*Id.* at 17.) Plaintiffs bring their cause of action pursuant to both the Privacy Act, 5 U.S.C. § 552a, and 26 U.S.C. § 7431. The Court will examine Plaintiffs' claims about failure to maintain records before examining the alleged improper disclosure.

#### 1. Maintaining Records

Plaintiffs allege that the IRS violated 5 U.S.C. §§ 552a(e)(2), (5) and (6) by failing to maintain necessary records. Specifically, Plaintiffs allege that the IRS "from the date it decided to issue [Plaintiffs] a notice of tax deficiency knowingly made its determinations based upon an inaccurate record...." (Doc. # 30 at 18.) In other words, Plaintiffs allege that the IRS determined that Plaintiffs had a tax deficiency based upon an inaccurate record.

█ Plaintiffs bring their cause of action pursuant to the Privacy Act, 5 U.S.C. § 552a(g)(1)(D). Under this section, when "any agency fails to comply with any other provision of this subsection or any rule promulgated thereunder in such a way as to have an adverse effect on an individual, that individual may bring a civil action in the United States courts." *Mallas v. Kolak,* 721 F.Supp. 748, 754 (M.D.N.C.1989) (citing *Parks v. United States Internal Revenue Serv.,* 618 F.2d 677 (10th Cir.1980)), *aff'd in part and vacated in part on other grounds,* 993 F.2d 1111, 1126 (4th Cir.1993). However, according to 26 U.S.C. § 7852(e) the Privacy Act does not apply to records "maintained to determine tax liability." *Id.* at 754. Section 7852(e) provides that § 552a(g) "shall not be applied directly or indirectly to the determination, of liability ... of any person for any tax...." 26 U.S.C. § 7852(e) (1994). As the *Mallas* court noted, section 7852 "acts to supersede causes of action brought under Section 552a(g) if the law suit relates directly or indirectly to the determination of the existence or possible existence of an individual's federal tax liability." *Mallas,* 721 F.Supp. at 754.

█ Therefore, because Plaintiffs' amended complaint relates both indirectly and directly to the existence of tax liability, the Court is without subject matter jurisdiction to hear Plaintiffs' Privacy Act action. Consequently, the Court **GRANTS** the motion by the United States to dismiss Count IV of Plaintiffs' Amended Complaint and hereby **DISMISSES** Count IV **WITH PREJUDICE** as it relates to Plaintiffs' cause of action under 5 U.S.C. § 552a(g).

#### 2. Disclosure to BNA

█ In the second part of Count IV, Plaintiffs allege that the IRS improperly disclosed information to the BNA. Plaintiffs bring their action pursuant to 26 U.S.C. § 7431. That section has a two year statute

of limitations. *See* 26 U.S.C. § 7431(d). Plaintiffs claim. that the IRS released the relevant information to BNA in 1987. (See Doc. #45 Ex. 16). Because Plaintiffs brought this cause of action in 1995, Plaintiffs' action for improper disclosure to BNA is time barred by the two year statute of limitation. Consequently, the Court **GRANTS** the motion by the United States to dismiss and hereby **DISMISSES** Count IV **WITH PREJUDICE** as it relates to the disclosure of any information to BNA.

## V. CONCLUSION

Upon consideration and being duly advised, the Court **GRANTS** the motion by Defendant, Lawrence A. Heiser, to dismiss and hereby **DISMISSES** Counts I and II of Plaintiffs' Amended Complaint **WITH PREJUDICE**. The Court also **GRANTS** the motion by Defendant, United States, to dismiss Count III. The Court **DISMISSES** Count III with respect to the improper disclosure of information **WITHOUT PREJUDICE** but .DISMISSES Count III with respect to the "secondary additional action" **WITH PREJUDICE**. In other words, Plaintiff may refile a new complaint under 26 U.S.C. § 7431 against the United States for the alleged wrongful disclosure of information to Defendant Heiser. Furthermore, the Court **GRANTS** the motion by Defendant, United States, to dismiss and hereby **DISMISSES** Count IV of Plaintiffs' Amended Complaint **WITH PREJUDICE**. Finally, the Court finds that (A) the request by Defendant, Lawrence A. Heiser, for oral arguments pursuant to Southern District of Ohio Local Rules 7.1(b)(1) and (B) Defendant Heiser's motion to dismiss on the basis of qualified immunity are **MOOT**. This case is **TERMINATED**.

**IT IS SO ORDERED.**

### *OPINION AND ORDER*

On December 4, 1997, this Court issued an Opinion and Order dismissing Plaintiffs' case. This matter is before the Court on Plaintiffs' motion to reconsider and amend judgment.

In their motion, Plaintiffs do not cite authority or any Federal Rule of Civil Procedure ("Rule") for bringing their motion; however, the Court construes Plaintiff's motion as being brought pursuant to Rule 59(e). The United States filed a memorandum in opposition.

Despite the fact that the Court looks unfavorably upon motions to reconsider its judgment, the Court examined Defendant's motion. For the reasons stated below, the Court **DENIES** Plaintiffs' motion. Further, the Court finds Plaintiffs' request for oral arguments to be **MOOT**.

### I.

■ Rules 59(e) and 60(b) are both Federal Rules of Civil Procedure that may be used to correct errors of law or facts in judicial opinions. Under Rule 59(e), a motion to amend the judgment must be filed within ten days of the judgment. Intervening Saturdays, Sundays, and legal holidays are not counted in calculating the ten-day deadline. *See* Fed.R.Civ.P. 6(a); *Acevedo–Villalobos v. Hernandez*, 22 F.3d 384, 390 (1st Cir.1994). By the Court's calculation, Plaintiffs filed their motion within the ten-day period allowed by Rule 59(e).[1] If a motion is filed within ten days of the entry of judgment and draws into question the correctness of the judgment, courts will treat that motion as being brought pursuant to Rule 59(e), regardless of its label. *See Norman v. Arkansas Dep't of Educ.*, 79 F.3d 748, 750 (8th Cir.1996); *Retired Chicago Police Ass'n v. City of Chicago*, 76 F.3d 856, 862 n. 1 (7th Cir.1996); *cf. Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982). Because Plaintiffs' motion meets this definition, the Court will treat Plaintiffs' motion as being a Rule 59(e) motion.

■ Pursuant to Rule 59(e), there are three grounds for amending a judgment: (1) to accommodate an intervening change in ·controlling law; (2) to account for new evidence not available at trial; and (3) to correct a clear error of law or to prevent mani-

---

**1.** Plaintiffs filed their motion on December 17, 1997. This Court issued its Opinion and Order or December 4, 1997. The four intervening weekend days were excluded from the Court's calculation. Thus, Plaintiffs filed their motion within the ten-day period.

fest injustice. *See Firestone v. Firestone,* 76 F.3d 1205, 1208 (D.C.Cir.1996). The Court interprets Plaintiffs' motion as invoking the third ground of this standard. Specifically, the Court interprets Plaintiffs' motion as raising a claim that the Court must amend its judgment to correct a clear error of law or to prevent manifest injustice.

Under Rule 59(e), the Court is to decide the motion within the Court's informed discretion. *See Huff,* 675 F.2d at 122; *Firestone,* 76 F.3d at 1208; *LB Credit Corp. v. RTC,* 49 F.3d 1263, 1267 (7th Cir. 1995). The Court will decide Defendant's motion using this standard.

## II.

In support of their motion, Plaintiffs list four reasons why this Court's Opinion and Order was in error. First, Plaintiffs claim that their complaint asserted jurisdiction pursuant to 26 U.S.C. § 7431 (1994). Second, Plaintiffs claim the Court did not address the United States' jurisdiction under 26 U.S.C. § 7433(d)(3). Third, Plaintiffs allege that the Court did not dismiss the Internal Revenue Service ("IRS") from the complaint. Fourth, Plaintiffs allege that they are deprived of their right to present their constitutional claims when the government presented evidence against Plaintiffs. The Court will examine each of Plaintiffs' points in turn.

### A.

Plaintiffs' first argument is without merit. In their Amended Complaint, Plaintiffs brought their third cause of action for improper disclosure of information. (Doc. # 30 at 20.) In their memorandum opposing the United States' motion to dismiss, Plaintiffs characterize their third cause of action as a Privacy Act claim. (Doc. # 45 at 4–10.) Based upon this characterization, and because Plaintiffs are pro se litigants, the Court interpreted Plaintiffs complaint as stating a cause of action under the Privacy Act. The Court, however, does not have juris-

diction under the Privacy Act to hear Plaintiffs' complaint. Instead, 26 U.S.C. § 7431 provides the Court exclusive jurisdiction to hear claims involving civil damages for unauthorized disclosure of tax returns and "return information." *See* 26 U.S.C. § 7431 (1994). Consequently, the Court dismissed without prejudice Plaintiffs' third cause of action for lack of jurisdiction over any Privacy Act claim.

In their motion for reconsideration, Plaintiffs claim that they asserted jurisdiction under 26 U.S.C. § 7431. The Court notes that Plaintiffs asserted numerous statutes in an attempt to confer federal question jurisdiction over this case. Plaintiffs fail to realize that a statement of jurisdiction is not a statement of a claim. Although Plaintiffs did list 26 U.S.C. § 7431 as a statute that conferred jurisdiction over Plaintiffs' claims, Plaintiffs did not properly assert a cause of action under that statute. Because the Court recognizes that Plaintiffs "are not skilled artisans in drafting a pleading," (Doc. # 53 at 1), and are pro se litigants whose pleadings are to be construed liberally, *see Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the Court allowed Plaintiffs to refile their complaint for improper disclosure using both the proper jurisdictional statute, § 7431, as well as the proper cause of action under § 7431. Therefore, the Court finds that Plaintiffs' first argument is meritless.

### B.

Second, Plaintiffs allege that "the United States was named a defendant pursuant to 26 [U.S.C. § ] 7433(d)(3)." (Doc. # 51 at 1.) Plaintiffs then allege that this Court's prior Opinion and Order does not explain why 26 U.S.C. § 7431 prevents this Court from asserting jurisdiction over Plaintiffs' claims. This statement is incomprehensible and the Court will ignore it. Presumably, Plaintiffs' argument is that 26 U.S.C. § 7433 gives this Court jurisdiction over this matter.[2]

---

**2.** In their memorandum in opposition to the United States' motion to dismiss, Plaintiffs (in a section entitled "Claims Under 26 U.S.C. 7433") stated, "By conspiring with Heiser, to dispose of [Plaintiffs'] assets in a state court garnishment

proceeding in a manner designed to deprive [Plaintiffs] of any right to contest the [IRS'] 'position', employees of the [IRS] deprived [Plaintiffs] of fundamental right to be heard [sic]." (Doc. # 45 at 11.) In Plaintiffs' most recent response

Plaintiffs again fail to understand the distinction between jurisdiction and the necessity of stating a claim. In their complaint, Plaintiffs attempted to state a claim under 26 U.S.C. § 7433. However, section 7433 has certain jurisdictional prerequisites that must be satisfied before a plaintiff can bring a claim under that statute. In this case, Plaintiffs have not satisfied the jurisdictional prerequisites.

▮▮▮ Section 7433 allows taxpayers to recover civil damages for certain unauthorized collection activities by the IRS—but only when IRS employees cause the damage through reckless or intentional disregard of the Internal Revenue Code or regulations during the collection of a federal tax. *See* 26 U.S.C. § 7433(a). As a prerequisite to filing such an action, a taxpayer must exhaust all administrative remedies within the IRS. *See* 26 U.S.C. § 7433(d)(1); *Fishburn v. Brown*, 125 F.3d 979, 982 (6th Cir.1997); *Conforte v. United States*, 979 F.2d 1375, 1377 (9th Cir. 1992); *Information Resources, Inc. v. United States*, 950 F.2d 1122, 1127–28 & n. 4 (5th Cir.1992). The Court finds that Plaintiffs failed to comply with this jurisdictional prerequisite.

Plaintiffs do claim that they have exhausted their internal remedies. (Doc. # 53 at 1.) Plaintiffs, however, have not provided the specificity needed to demonstrate that they exhausted their administrative remedies, a requirement that Plaintiffs bear the burden of pleading, production and, ultimately, proof. *See White v. Commissioner of Internal Rev.*, 899 F.Supp. 767, 772 (D.Mass.1995); *cf. Simmons v. United States*, 875 F.Supp. 318, 319–20 (W.D.N.C.1994). Thus, Plaintiffs' bald assertion that all remedies were exhausted, without more specificity, fails to show that Plaintiffs met the prerequisites under the statute. Consequently, Plaintiffs' second argument is without merit.

## C.

▮▮ Third, Plaintiffs claim that the Court failed to dismiss the IRS from the case. The Court dismissed Plaintiffs' lawsuit in its entirety. (Doc. # 49 at 24.) Plaintiffs are correct, however, that the Court did not specifically state that the IRS is dismissed from the case. Certainly, the language of the Court terminating the case shows that intent of the Court was to dismiss all parties, including the IRS. Consequently, to make the record perfectly clear, Plaintiffs' claims against the IRS were dismissed in the Court's prior Opinion and Order. Therefore, Plaintiffs' third argument is without merit.

## D.

Fourth, Plaintiffs allege that "the post deprivation remedy of tax court is completely inadequate to restore [Plaintiffs'] lost livelihood." (Doc. # 51 at 3.) As the Court noted in its Opinion and Order, the Court finds that these conclusory allegations that unspecified due process rights have been infringed will not suffice to state a claim upon which relief can be granted. *See* (Doc. # 49 at 19.)

▮▮ Additionally, the United States is correct that Plaintiffs have a right to judicial review, but only after paying the income taxes and then filing suit for a refund. *See, e.g., Bob Jones Univ. v. Simon*, 416 U.S. 725, 746–47, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974). As the Supreme Court noted, "We do not say that these avenues of review are the best that can be devised. They present serious problems of delay.... But as the [IRS] notes, some delay may be an inevitable consequence of the fact that disputes between the [IRS] and a party challenging the [IRS]'s actions are not susceptible of instant resolution through litigation." *Id.* 416 U.S. at 747. Thus, although Plaintiffs may have lost their performance bonding capacity, Plaintiffs had a remedy available to them to challenge the

memorandum, when discussing 26 U.S.C. § 7433, Plaintiffs state that they "alleged that disgruntled [IRS] personnel, who had knowledge that the [IRS] was reversing the determination of tax liability against [Plaintiffs], not only told Heiser of the reductions in [Plaintiffs'] tax liability, but deliberately conspired with Heiser to strip [Plaintiffs] of their home and property." (Doc.

# 53 at 1.) Finally, Plaintiffs claim that they alleged that they exhausted their internal remedies as required by 26 U.S.C. § 7433. (*Id.*) The Court interprets these statements as an argument that 26 U.S.C. § 7433 gives the Court jurisdiction over Plaintiffs' claims of an alleged conspiracy to disclose information about Plaintiffs' case by employees of the IRS.

IRS's determinations. Consequently, the Court finds Plaintiffs' fourth argument to be without merit.

### III.

Upon consideration and being duly advised, the Court **DENIES** Plaintiffs' motion. Nothing stated in Plaintiffs' motion persuades the Court that its decision was in error. Further, the Court finds Plaintiffs' request for oral arguments to be **MOOT**.

**IT IS SO ORDERED.**