911 F.2d 724
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
George C. SZEGO, Plaintiff-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Defendant-Appellee.
 No. 90-2608.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 9, 1990.
Decided July 26, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, District Judge. (C/A No. 89-2186-JFM)
 George C. Szego, appellant pro se.
 Gary R. Allen, Patricia McDonald Bowman, United States Department of Justice, Washington, D.C., for appellee.
 D.Md.
 VACATED AND REMANDED.
 Before MURNAGHAN, CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 George C. Szego appeals the district court's dismissal of his action to recover $256,278 paid to the Internal Revenue Service (IRS). He is seeking to recover employment taxes and the 100% penalty assessed by the IRS.
 
 
 2
 The district court dismissed this action because it found that Szego did not allege that he had filed any administrative claims for a refund with the IRS. Unless the taxpayer files an administrative claim, the district court does not have jurisdiction over the action. See 26 U.S.C. Sec. 7422; Lewis v. Sandler, 498 F.2d 395, 399-400 (4th Cir.1974).
 
 
 3
 The evidence presented to the district court showed only that Szego had submitted an administrative claim, Form 843, to the IRS in November 1989. However, Szego had made his final payment to the IRS on August 5, 1987. Under 26 U.S.C. Sec. 6511(a), Szego had two years to file an administrative refund claim with the IRS after his final payment. Therefore, any claim based on this form is untimely.
 
 
 4
 Although the district court judge correctly decided the case according to the materials in front of him, in his docketing statement in this Court, Szego submitted a copy of Form 843 dated August 10, 1987, which purportedly seeks a refund of the money involved in this case. In response to this late development, the IRS has searched its records for this form but, so far, has not been able to locate it. However, in the course of its search the IRS did find an administrative claim filed by Szego on March 15, 1985, and a letter from the IRS, dated February 13, 1986, denying the refund.*
 
 
 5
 Because of the new developments in this case occurring after judgment was entered below, the IRS has stated that it would not object to remanding this case to the district court for further proceedings to determine whether Szego did file an administrative refund claim that would provide jurisdiction for this suit. Given the confusion involved, we agree. Therefore, Szego's motion to remand is granted. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 VACATED AND REMANDED.
 
 
 
 *
 This suit was filed over two years after the IRS denied this claim. Thus, the IRS alleges that it is untimely for Szego to file suit in federal court based on the denial of the March 1985 claim
 Szego's Form 843 from November 1989 states that it is the third Form 843 th at he has filed. So far, the IRS has located only two administrative refu n d claims.