Hugh S. **HUNT,**

v.

**UNITED STATES of America.**

No. JFM–94–3553.

United States District Court,
D. Maryland.

Jan. 7, 2002.

Paula Fitzgerald Wolff, Law Office, Potomac, MD, for Hugh S. Hunt.

Hugh S. Hunt, Potomac, MD, pro se.

Charles Hayden Keen, U.S. Department of Justice, Washington, DC, Lynne A. Battaglia, U.S. Attorneys Office, Baltimore, MD, for U.S.

## MEMORANDUM

MOTZ, District Judge.

Plaintiff's remaining claims in this action are ones for knowing or negligent failure to release an improper lien under § 7432 of the Internal Revenue Code and for wrongful collection activities under § 7433 of the Code. The United States has moved for summary judgment. Plaintiff has responded to the motion. The motion will be granted.

Plaintiff alleges that the improper liens were placed on his property in March 1989 and August 1989. He alleges that most of the wrongful collection actions took place between April 15, 1983 and March 8, 1990, and that another wrongful collection took place on March 28, 1994 when the Internal Revenue Service did not pay interest on a refund made to him.

This action was filed on December 21, 1994. Therefore, with the exception of the alleged wrongful collection that occurred on March 28, 1994, all of the alleged wrongful acts occurred well before the two year limitations period applicable to actions brought under §§ 7432 and Section 7433. *See* 26 U.S.C. § 7432(d)(3) and 7433(b). Plaintiff contends that he did not know or have a reasonable opportunity to discover that the alleged wrongful acts had occurred until certain issues presented by a Tax Court action he filed were resolved in his favor by virtue of a decision ren-

dered by the Tax Court in connection with a settlement reached in December 1993. According to plaintiff, only then could he determine that the acts of which he complains were wrongful. However, plaintiff obviously had contested the decisions made by the Internal Revenue Service prior to December 1993, and he has cited no authority to support the proposition that liens and collection activities taken pursuant to assessments that were in place became wrongful retroactively upon the rendering of the Tax Court decision.

Moreover, although plaintiff had voluminous correspondence with the Internal Revenue Service, he did not provide the Internal Revenue Service with any documents showing the amount of damages he allegedly suffered prior to instituting this action. Plaintiff excuses this default on the ground that since "[t]he IRS denied any liability ... [,] any discussion about amount of damages would be futile." *Opposition memorandum at 4.* That explanation, however, is insufficient since assertion of the amount of alleged damage is an essential part of the administrative remedy process; a claimant cannot recover an amount in excess of the dollar amount sought in the administrative claim. 26 C.F.R. §§ 301.7432–1(h) and 301.7433–1(f). Therefore, all of plaintiff's remaining claims, including his claim for the alleged wrongful collection occurring on March 28, 1994, fail because plaintiff did not adequately exhaust his administrative remedies. *See* §§ 7432(d)(1) and 7433(d)(1).[1]

A separate order granting the United States' motion for summary judgment as to plaintiff's claims under §§ 7432 and 7433 is being entered herewith. That order also incorporates all of the prior rulings I have made in this case and grants judgment in favor of plaintiff against the United States in the amount of $41,981.10, in accordance with the order I entered on

### ORDER

For the reasons stated in the accompanying memorandum and in the previous memoranda I have issued, it is, this 7th day of January 2002

ORDERED

1. The United States' motion for summary judgment as to claims under §§ 7432 and 7433 of the Internal Revenue Code is granted;

2. All of the prior rulings I have made in this case are incorporated by reference; and

3. In accordance with the order I entered on August 4, 2000, judgment is entered in favor of plaintiff against the United States in the amount of $41,981.10.

---

1. Because I find that plaintiff did not exhaust his administrative remedies as to the March 28, 1994 claim, I need not decide whether or not the IRS's failure to pay a refund on that date constituted a "collection" within the meaning of § 7433.