T.C. Memo. 2006-233


UNITED STATES TAX COURT



JAMES S. ZIGMONT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 9758-04.                    Filed October 31, 2006.


　　　P failed to file Federal income tax returns for
2000 and 2001.  R determined deficiencies and additions
to tax pursuant to secs. 6651(a)(1) and 6654, I.R.C.  P
contested the determinations based on tax-protester
rhetoric.

　　　<u>Held</u>:  P is liable for the deficiencies determined
by R and additions to tax pursuant to secs. 6651(a)(1)
and 6654, I.R.C.


<u>Philip A. Putman</u>, for petitioner.

<u>Frank W. Louis</u>, for respondent.

MEMORANDUM OPINION

WHERRY, Judge: This case is before the Court on petitioner's motion to withdraw deemed admissions pursuant to Rule 90(f) and respondent's motion for summary judgment pursuant to Rule 121(a).[1] Respondent determined the following deficiencies and additions to tax with respect to petitioner's Federal income taxes for the 2000 and 2001 taxable years:

|  |  | Additions to Tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654 |
| 2000 | $186,109 | $46,210.00 | $9,865.68 |
| 2001 | 87,905 | 21,976.25 | 3,513.00 |

Background

Petitioner submitted to the Internal Revenue Service (IRS) a Form 1040, U.S. Individual Income Tax Return, for the 2000 taxable year claiming a refund of $1,269.18 for wages withheld and containing zeros on all other filled out lines between line 6 and line 58 of the tax return. Petitioner similarly submitted a Form 1040 for the 2001 taxable year that contained zeros on all filled out lines from line 7 through line 70 of the tax return. Petitioner also enclosed with his 2000 and 2001 returns a typed statement challenging his duty to file returns and pay taxes.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent issued notices of deficiency on February 27 and March 3, 2004, for the 2000 and 2001 taxable years, respectively, determining the deficiencies and additions to tax set forth above.

Petitioner filed an imperfect petition with the Tax Court on June 3, 2004. Thereafter, the case so instituted was dismissed twice for lack of jurisdiction on account of petitioner's failure to comply with the Court's order regarding the filing of a proper amended petition. Each time the dismissal was subsequently vacated after belated action on petitioner's part. Petitioner eventually submitted an amended petition, which was filed on January 19, 2005.[2] A notice setting the case for trial in October of 2005 and attaching the Court's standing pretrial order was issued to petitioner on May 19, 2005.

On August 11, 2005, respondent filed with the Court requests for admission, which requests had been served on petitioner the previous day. Petitioner failed to respond, and pursuant to Rule 90(c) each matter set forth in the requests for admission was deemed admitted 30 days after the date of service. As a result, the following items are deemed admitted as material facts:

---

[2]The petition and amended petition filed in this case each listed an address for petitioner in Rochester, New Hampshire. Shortly before the hearing on respondent's motion, petitioner submitted documents to the Court which listed an address for petitioner of Clarksburg, West Virginia, and indicated that the New Hampshire address was that of petitioner's nephew.

(1) Petitioner received Social Security payments of $10,758 and $12,180 in 2000 and 2001, respectively;

(2) petitioner received the proceeds of stock and bond sales totaling $490,268 and $234,728 in 2000 and 2001, respectively;

(3) petitioner did not submit to respondent information regarding the cost of the stocks and bonds sold in 2000 and 2001;

(4) petitioner received payments from an IRA or other retirement plan of $13,933 in 2000 and 2001;

(5) petitioner received dividends on stock of $188 and $29 in 2000 and 2001, respectively;

(6) petitioner earned interest of $17,228 and $28,296 in 2000 and 2001, respectively;

(7) petitioner failed to file Federal income tax returns for 2000 and 2001; and

(8) petitioner did not make the required payments of estimated taxes for 2000 or 2001, through withheld taxes or otherwise.

Respondent then filed a motion for summary judgment on September 26, 2005. Petitioner did not file timely a response to respondent's motion. However, on October 25, 2005, petitioner filed a motion to withdraw deemed admissions, lodged petitioner's responses to respondent's requests for admission, and filed a Rule 50(c) statement in response to respondent's motion for summary judgment. Petitioner's motion to withdraw deemed

admissions stated that petitioner was in the process of relocating to Los Angeles and had used his nephew's mailing address in New Hampshire and "Regrettably, petitioner's nephew was not as dependable in forwarding mail to petitioner, or alerting petitioner that certain mail existed, as petitioner had hoped." Petitioner's proposed late response to respondent's request for admissions denied "that petitioner sold any stocks or bonds or had any information relating thereto to submit to the Internal Revenue Service." Petitioner's Rule 50(c) statement in response to respondent's motion for summary judgment conceded that "Should the Court deny petitioner's motion to withdraw the deemed admissions, petitioner confesses that the deemed admissions alone are enough to cause the Court to award respondent summary judgment."

A hearing was held on respondent's motion on October 27, 2005, at which time respondent also filed an objection to petitioner's motion to withdraw deemed admissions. Respondent's objection included as exhibits thereto copies of petitioner's 2000 and 2001 Forms 1040, and third-party Forms 1099 for 2000 and 2001 reflecting significant unreported gross income of petitioner. At the close of the hearing by order, the Court afforded petitioner an opportunity to submit a written response to respondent's objection. Petitioner did not file a response. After reviewing the record of this case, the Court by order dated

September 13, 2006, afforded petitioner a final opportunity to respond to respondent's objection to petitioner's motion to withdraw deemed admissions. An untimely response from petitioner failed to set forth any sufficient substantive basis for relief from the deemed admissions, although it was filed for the record.

Discussion

## I. Petitioner's Motion for Relief From Deemed Admissions

Rule 90(a) permits a party to serve a written request for admission of relevant and unprivileged matter upon the other party. Each matter contained in such request is deemed admitted unless the served party responds within 30 days after service or within such shorter or longer time as the Court may allow. Rule 90(c). Any fact deemed admitted under Rule 90(c) is conclusively established. Rule 90(f). The Court may permit withdrawal or modification of an admission if the "presentation of the merits of the case will be subserved thereby," and such withdrawal or modification will not prejudice the party who obtained the admission. Rule 90(f).

A party will be prejudiced by the withdrawal of deemed admissions if "he has relied on them and will suffer delay, added expense, and additional effort because of the withdrawal." Morrison v. Commissioner, 81 T.C. 644, 649 (1983). Furthermore, the Court should not "lightly weigh the burdens of establishing admissions" on parties that properly use Rule 90 to "advance

litigation initiated by the opposing party." Id. at 648.
Respondent properly used Rule 90 to expedite litigation.
Considering carefully the facts at issue in the deemed admissions
and the surrounding circumstances as described in the motion and
respondent's objection, the Court concludes that permitting
petitioner to withdraw or modify the deemed admissions would
prejudice respondent and would not serve presentation of the
merits of the case. Petitioner's failure timely to respond to
respondent's request for admissions is indicative of his behavior
in this case. Petitioner has repeatedly filed documents late or
not at all, as well as failed to comply with the Court's orders.
Therefore, petitioner's motion to withdraw deemed admissions
shall be denied.

II.  Respondent's Motion for Summary Judgment

A. General Rules

Rule 121(a) allows a party to move "for a summary
adjudication in the moving party's favor upon all or any part of
the legal issues in controversy." Rule 121(b) directs that a
decision on such motion shall be "rendered if the pleadings,
answers to interrogatories, depositions, admissions, and any
other acceptable materials, together with the affidavits, if any,
show that there is no genuine issue as to any material fact and
that a decision may be rendered as a matter of law." Admissions

referenced in Rule 121(b) include deemed admissions pursuant to Rule 90(c).  <u>Marshall v. Commissioner</u>, 85 T.C. 267, 272 (1985).

The moving party bears the burden of proving that no genuine issue of material fact exists and that he or she is entitled to judgment as a matter of law.  <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). Facts and inferences drawn from the record are viewed in the light most favorable to the nonmoving party.  <u>Id.</u>  Where the moving party properly makes and supports a motion for summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of such party's pleading," but must, by affidavits or otherwise, set forth "specific facts showing that there is a genuine issue for trial."  Rule 121(d).

B. <u>Deficiency</u>

Based on the documents filed with the Court, including the deemed admissions, <u>supra</u>, the Court concludes that respondent has satisfied his burden of proving that no genuine issue of material fact exists as to respondent's deficiency determinations and that respondent is entitled to judgment as a matter of law.

C. <u>Additions to Tax</u>

The Commissioner bears the burden of production in any court proceeding with respect to an individual's liability for penalties or additions to tax.  Sec. 7491(c).  To meet this burden, the Commissioner must present "sufficient evidence

indicating that it is appropriate to impose the relevant penalty" or addition to tax. <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446 (2001). In instances where an exception to the penalty or addition to tax is afforded upon a showing of substantial authority, reasonable cause, or similar provisions, the taxpayer bears the burden of raising and prevailing on these issues. <u>Id.</u> at 446-447.

1. <u>Section 6651</u>

Section 6651(a)(1) imposes a 5-percent addition to tax for each month or portion thereof a required return is filed after the prescribed due date, not to exceed 25 percent in the aggregate, unless such failure to file timely is due to reasonable cause and not due to willful neglect. Although not defined in the Code, "reasonable cause" is described by the applicable regulations as the exercise of "ordinary business care and prudence". Sec. 301.6651-1(c)(1), Proced. & Admin. Regs; see also <u>United States v. Boyle</u>, 469 U.S. 241, 246 (1985). "[W]illful neglect" is interpreted as "a conscious, intentional failure or reckless indifference." <u>United States v. Boyle</u>, <u>supra</u> at 245.

Respondent produced evidence that petitioner failed to file a Federal income tax return for 2000 and 2001. A Federal income tax return that contains only zeros and is accompanied by tax-protester rhetoric is generally not considered a valid return.

Cabirac v. Commissioner, 120 T.C. 163, 169 (2003) (and cases cited threat).[3]  As the Court of Appeals for the Seventh Circuit has noted:  "it is not enough for a form to contain some income information; there must also be an honest and reasonable intent to supply the information required by the tax code."  United States v. Moore, 627 F.2d 830, 835 (7th Cir. 1980).  Furthermore, pursuant to the deemed admissions, supra, petitioner did not file a Federal income tax return for either the 2000 or 2001 taxable year.  Petitioner has not presented any evidence that his failure to file was due to reasonable cause.  The Court concludes that respondent has satisfied his burden of proving that no genuine issue of material fact exists as to respondent's addition to tax determinations, and respondent is entitled to judgment as a matter of law.  Therefore, the Court sustains the imposition of additions to tax pursuant to section 6651(a)(1).

---

[3]The Court of Appeals for the Ninth Circuit recognizes a limited exception to this rule, see United States v. Long, 618 F.2d 74 (9th Cir. 1980), a minority view.  Absent a stipulation to the contrary, appeal in the instant case would appear to be to the Court of Appeals for either the First or Fourth Circuit.  See supra note 2.  Neither of these courts has expressed a position.  We therefore adhere to our view and that of the majority.  See Cabirac v. Commissioner, 120 T.C. 163 (2003); see also Golsen v. Commissioner, 54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971).

2. <u>Section 6654</u>

Section 6654(a) imposes an addition to tax for failure to pay estimated income tax where there has been an underpayment of estimated tax by the taxpayer.  Pursuant to the deemed admissions, <u>supra</u>, "petitioner did not make the required payments of estimated taxes for 2000 or 2001, through withheld taxes or otherwise".  This admission satisfies any burden of production on the part of respondent.  Furthermore, petitioner conceded, <u>supra</u>, that "Should the Court deny petitioner's motion to withdraw the deemed admissions, petitioner confesses that the deemed admissions alone are enough to cause the Court to award respondent summary judgment."

The Court concludes that respondent has satisfied his burden of proving that no genuine issue of material fact exists as to respondent's addition to tax determinations, and respondent is entitled to judgment as a matter of law.  Therefore, the Court sustains the imposition of additions to tax pursuant to section 6654.  Respondent's motion for summary judgment shall be granted.

III. <u>Section 6673 Penalty</u>

Section 6673(a)(1) authorizes the Tax Court to impose a penalty not in excess of $25,000 on a taxpayer for proceedings instituted primarily for delay or in which the taxpayer's position is frivolous or groundless.  "A petition to the Tax Court, or a tax return, is frivolous if it is contrary to

established law and unsupported by a reasoned, colorable argument for change in the law." Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986).

Respondent has not asked the Court to impose a penalty under section 6673(a)(1), and the Court declines to impose such a penalty. At the hearing the Court warned petitioner that he would be subject to a section 6673(a)(1) penalty if he continued to raise frivolous arguments and cause further delays. Petitioner heeded the Court's warning. The Court, therefore, concludes that it is not appropriate to impose a penalty in the instant case, but the Court explicitly admonishes petitioner that he may, in the future, be subject to a penalty under section 6673 for any proceedings instituted or maintained primarily for delay or for any proceedings which are frivolous or groundless.

The Court has considered all of petitioner's contentions, arguments, requests, and statements. To the extent not discussed herein, we conclude that they are meritless, moot, or irrelevant.

To reflect the foregoing,

An appropriate order and decision will be entered.