T.C. Memo. 2008-238


UNITED STATES TAX COURT


KENNETH DAVIS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 16540-08.                    Filed October 27, 2008.


On Jan. 24, 2008, R sent P's employer a "Lock-in Letter" requiring a prospective adjustment to P's withholding.  On June 23, 2008, R sent P a notice of deficiency for 2004.  On July 7, 2008, P filed, inter alia, a motion to restrain assessment and collection.

<u>Held</u>:  In the absence of any assessment or collection for 2004, there is nothing to restrain as to that year.

<u>Held</u>, <u>further</u>, R's "Lock-in Letter" is not a collection action within the meaning of secs. 6320 and 6330, I.R.C.

<u>Held</u>, <u>further</u>, P's motion to restrain shall be denied.


Kenneth Davis, pro se.

<u>Mark Cottrell</u> and <u>Shannon E. Loechel</u>, for respondent.

MEMORANDUM OPINION

ARMEN, <u>Special Trial Judge</u>:  This case is before the Court on petitioner's Motion To Restrain Assessment Or Collection And To Order Refund Of Amount Collected, filed July 7, 2008.  As explained in greater detail below, we shall deny petitioner's motion.

<u>Background</u>

The facts necessary to a resolution of the motion before us may be summarized as follows:

By notice of deficiency dated June 23, 2008, respondent determined a deficiency in petitioner's Federal income tax for 2004 of $6,074, together with additions to tax under sections 6651(a)(1), 6651(a)(2), and 6654(a).[1]

The deficiency in tax is based principally on respondent's determination that petitioner, an employee of the United States Postal Service, failed to report on an income tax return for 2004 wages received in that year of $45,219.[2]  The addition to tax under section 6651(a)(1) is based on respondent's determination that petitioner failed to file an income tax return for 2004.

---

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended; all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]  The deficiency is also based on respondent's determination that petitioner failed to report interest income of $80 paid to him in 2004 by the Atlanta Postal Credit Union.

The addition to tax under section 6651(a)(2) and the addition to tax under section 6654(a) are based on respondent's determinations that petitioner failed to pay income tax and estimated tax, respectively, except for $284 of tax withheld from his wages by his employer.[3]

On July 7, 2008, petitioner filed a petition with this Court.[4] Petitioner attached only one document to his petition as an exhibit, namely, a complete copy of the June 23, 2008 notice of deficiency. However, petitioner did not check the box indicating that he was disputing the notice of deficiency. Rather, petitioner checked the box indicating that he was disputing an IRS notice of determination concerning collection action. In that regard, petitioner referenced (but did not attach) an IRS notice dated January 24, 2008. Petitioner then alleged in paragraphs 5 and 6, the sole substantive paragraphs of the petition, as follows:

> 5. Respondent has issued a withholding order against Petitioner without first sending Petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing (Final Notice). Petitioner is forced to petition this Tax Court to restrain this unlawful collection. No box was available for [sic] this form

---

[3] In the notice of deficiency, respondent credited petitioner for the amount withheld from his wages insofar as his ultimate tax liability is concerned. However, we note that the determination of a statutory deficiency does not take such withheld amount into account. See sec. 6211(b)(1).

[4] At the time that the petition was filed, petitioner resided in the State of Georgia.

for me to check for IRS failure to issue a Final
Notice, so Petitioner had no choice but to check the
box that is most closely identifiable with this current
case. Respondent did not provide Petitioner with no
[sic] other remedy to resolve this matter.

Petitioner will be filing a Motion to Restrain
Collection concurrently with this Petition.

6. On January 2 [sic], 2008, the IRS sent a levy to
Petitioner's employer, United States Postal Service
without first issuing a Final Notice to Petitioner,
which would have afforded Petitioner the opportunity to
request for [sic] a Collection Due Process (CDP)
Hearing. Respondent NEVER sent Petitioner a Final
Notice, which would have provided Petitioner the
opportunity to request for [sic] a Collection Due
Process Hearing. There is no regulation found in the
Internal Revenue Code authorizing this unlawful
collection action. This collection action is in direct
violation of Section 6330 and 6331 of the Internal
Revenue Code. [Emphasis in the original.]

Concurrently with the filing of petition on July 7, 2008,

petitioner filed the Motion To Restrain Assessment Or Collection

And To Order Refund Of Amount Collected presently pending before

us.

We shall describe petitioner's motion and what lies behind

it, but first we must observe that respondent has not, at any

time, made an assessment against petitioner for either the

deficiency in tax or any of the additions to tax determined in

the June 23, 2008 notice of deficiency.[5] Indeed, petitioner's

account balance plus accruals for 2004, signifying his liability

---

[5] Cf. sec. 6861 (permitting jeopardy assessments of income
tax notwithstanding the provisions of sec. 6213(a)). Lest there
be doubt, we repeat: Respondent has made no assessment against
petitioner for 2004.

for that year as reflected on respondent's records, is zero.[6] Thus, in the absence of any account balance or accruals for 2004, respondent has had no reason to attempt, and has not attempted, to collect any liability for that year as no such liability has arisen to date. Similarly, in the absence of any account balance or accruals for 2004, respondent has had no reason to file, and has not filed, a notice of Federal tax lien for that year. In short, respondent has taken no collection action whatsoever in respect of whatever potential liability petitioner may ultimately have for 2004 as determined by respondent in the notice of deficiency.

Returning now to petitioner's motion to restrain, we observe that petitioner's motion is solely focused on a letter dated January 24, 2008, that was sent by respondent to petitioner's employer. The letter directed the employer to henceforth disregard the information on petitioner's Form W-4, Employee's Withholding Allowance Certificate, and instead withhold income tax on the basis of a specified marital status and a specified number of withholding allowances. This type of letter is popularly known either as a "Lock-in Letter" or (reflecting its form number) as Letter 2800C.

---

[6] Respondent has placed a "520" code on petitioner's account for 2004. This code serves both as an alert to respondent's personnel of petitioner's pending Tax Court case and as a bar to a premature assessment of the determined deficiency and additions to tax.

Although petitioner's motion purports to include as an exhibit a copy of the January 24, 2008 Lock-in Letter, the motion does not include any such exhibit, and a copy of the Lock-in Letter is not otherwise part of the record. However, the Lock-in Letter would have included paragraphs such as the following:

Dear _____

WHY ARE WE WRITING TO YOU?

Our records show that your employee, named above, is not entitled to claim a complete exemption from withholding or more than a specified number of withholding allowances.

WHAT ACTIONS DO YOU NEED TO TAKE?

Please disregard the information on this employee's Form W-4, Employee's Withholding Allowance Certificate, and withhold income tax based on the following marital status and withholding allowances:

      Marital Status: _____
      Withholding Allowances: _____

Do not honor any new Form W-4 from your employee that results in less income tax withholding than at the status and allowances shown above. * * *

Please give the attached Employee's Copy [Letter 2801C] of this letter [Letter 2800C] to the employee named above within ten business days from the date of this letter. * * *

WHEN DO YOU ADJUST YOUR EMPLOYEE'S WITHHOLDING?

    ** FIRST PAY PERIOD ENDING ON OR AFTER [date] * *

You must begin withholding income tax at the marital status and specified number of withholding allowances shown above starting with the first pay period ending on or after 60 days from the date of this letter, AND NOT BEFORE. This time period will provide your employee with an opportunity to dispute our

determination before you adjust the employee's withholding.

HOW DOES THE LAW SUPPORT THESE ACTIONS?

Internal Revenue Code (IRC) Section 3402 requires employers to withhold federal income tax. Under section 31.3402(f)(2)-1T(g)(2) of the Temporary Employment Tax Regulations, we may issue this letter to notify you that your employee is not entitled to claim a complete exemption from withholding or claim more than the maximum number of withholding allowances shown above.

Internal Revenue Manual (IRM) Exhibit 5.19.11-2 (May 1, 2006);

emphasis in the original.[7]

As applicable to petitioner, the commencement of initial withholding, or the commencement of increased withholding, pursuant to the January 24, 2008 Lock-in Letter would necessarily have begun in 2008. At the earliest, the withholding would necessarily have been in respect of potential liability for the taxable year 2008 and not for any prior taxable year. Petitioner's account balance plus accruals for 2008, as reflected on respondent's records, is zero. This is not surprising, given

_____

[7] The regulatory citation appearing in the last paragraph of IRM Exhibit 5.19.11-2 (May 1, 2006) as quoted above has not been updated to reflect the final regulation, namely, sec. 31.3402(f)(2)-1(g), Employment Tax Regs. The final regulation is generally effective Apr. 14, 2005, except that certain parts thereof (which do not appear to be relevant to the instant case) apply on Oct. 11, 2007. Sec. 31.3402(f)(2)-1(g)(5), Employment Tax Regs. The final regulation continues to authorize the Commissioner to issue a Lock-in Letter to an employer notifying the employer that the employee is not entitled to claim a complete exemption from withholding or claim more than a specified maximum number of withholding allowances.

the fact that the taxable year 2008 is still open and yet to close.  Moreover, respondent has not made any termination assessment against petitioner for any part of 2008.  See secs. 441, 6851.

Nevertheless, petitioner contends that respondent's January 24, 2008 Lock-in Letter constitutes a collection action because it subjects him to income tax withholding by his employer. Petitioner contends further that because the Lock-in Letter was not preceded by a final notice of intent to levy offering him an administrative hearing and judicial review, he was denied the protections afforded by sections 6320 and 6330.  Accordingly, in petitioner's view, injunctive relief is warranted.  Not surprisingly, respondent takes a different view.

Discussion

As is plainly apparent, petitioner has no assessed liability (and no liability for unassessed accruals) for either 2004 or 2008 (or for any part of 2008).  But petitioner has been made subject to income tax withholding (or increased withholding) through respondent's action in serving petitioner's employer with the January 24, 2008 Lock-in Letter.  Essentially, then, we must decide whether respondent's action constitutes a prohibited collection action that should be (or can be) enjoined by this Court.

A.  Tax Withholding

In 1943, Congress required the withholding of income taxes at the source on wages, see Current Tax Payment Act of 1943, ch. 120, 57 Stat. 126, and this pay-as-you-go system for employees has been in place ever since.  Withholding alleviates the burden on wage earners of having to make large payments of tax at one time, and it benefits the Government not only by providing a more constant stream of receipts but also by protecting "against deaths, disappearances, and insolvencies, and to catch the itinerants who were moving from place to place with incomes taxable in the aggregate but with whom the Treasury could not keep pace."  13 Mertens, Law of Federal Income Taxation, sec. 47A.02, at 47A-8 (2005 rev.).

The Commissioner has described income tax withholding as other than a tax in itself.  Rev. Rul. 60-220, 1960-1 C.B. 399;[8] see sec. 3402; sec. 31.3402(a)-1, Employment Tax Regs.  During

---

[8]  More fully, the Commissioner has described the withholding system as follows:

> The system of withholding income tax from wages was adopted as a means of collecting income tax on a pay-as-you-go basis.  Its object is to collect currently the approximate tax liability on wages by requiring the employer to withhold a specified amount or percentage from each wage payment.  Such amount is to be paid over to the Federal Government for the employee's income tax account.  Thus, income tax withholding is a system or method of tax collection and not a tax in itself.  [Rev. Rul. 60-220, 1960-1 C.B. 399.]

the taxable year, a taxpayer's liability is inchoate and not precisely determinable. After the close of the year, however, the taxpayer determines his or her liability, reports it on a return, and offsets the tax withheld against that liability. If there is excess withholding, it may be claimed as an overpayment, and in most instances it is promptly refunded to the taxpayer.

There are those who may seek to avoid withholding by claiming to be exempt therefrom or by overstating their withholding allowances on Form W-4. The Commissioner's Withholding Compliance Program is designed to deal with such situations:

> The mission of the Withholding Compliance Program is to ensure that taxpayers who have serious under-withholding problems are brought into compliance with federal income tax withholding requirements. The program uses Form W-2 Wage and Tax Statement (W-2) information to identify taxpayers with insufficient withholding. The goal is to correct withholding to ensure that taxpayers have enough income tax withheld to meet their tax obligations. [IRM 5.19.11.1(1) (May 1, 2006).]

Integral to the Withholding Compliance Program is the "Lock-in Letter":

> Letters 2800C and 2801C, mailed to the employer and the taxpayer, respectively, are commonly known as the "lock-in letters". Letter 2800C instructs the employer to disregard the Form W-4 submitted by the taxpayer and withhold at the marital status and the number of allowances determined by the Service. Letter 2801C advises the taxpayer that the employer has been instructed to disregard the Form W-4 submitted by the taxpayer and withhold at the rate specified in Letter 2800C. [IRM 5.19.11.3.2(1) (May 1, 2006).]

Internal Revenue Manual provisions contemplate taxpayer responses to "Lock-in Letters" and provide for redeterminations, specifically including a release of the "lock-in". E.g., IRM 5.19.11.3.9 (May 1, 2006); IRM 5.19.11.3.10 (May 1, 2006). These provisions are based on authority granted by regulations. See sec. 31.3402(f)(2)-1(g), Employment Tax Regs.[9]

---

[9] A taxpayer's contention with regard to the alleged invalidity of the regulation has been held to be without merit. Bennett v. United States, 361 F.Supp.2d 510, 516 (W.D. Va. 2005), affd. in part and dismissed in part by unpublished per curiam order 155 Fed.Appx. 716 (4th Cir. 2005). In discussing the matter, the District Court stated that

> the administration and enforcement of the Internal Revenue Code is delegated by statute to the Secretary of the Treasury who may prescribe regulations in furtherance of the purposes of the Code. *See* 26 U.S.C. § 7801(a)(1). Furthermore, all persons liable for any tax or the collection of any tax under the terms of the Internal Revenue Code are required to comply with the rules and regulations prescribed by the Secretary. 26 U.S.C. § 6001. One of those requirements is that an employer must deduct and withhold from its employees' wages the tax determined in accordance with the provisions of the Code. 26 U.S.C. § 3402. In fact, the employer itself can be liable to the government for the amount of the tax that must be withheld in accordance with the Code. 26 U.S.C. § 3403.
>
> In furtherance of these purposes, regulations specify that the IRS may find that a withholding exemption certificate is defective and may instruct the employer to withhold taxes from the employee on the basis of instructions from the IRS rather than in accordance with the W-4 furnished by the employee. 26 C.F.R. § 31.3402(f)(2)-1(g)(5). [The citation is to a version of the regulation earlier than the one currently in effect.] Courts have noted that an employer is obligated to comply with the instructions of the IRS in withholding sums from the paychecks of

(continued...)

B.  Jurisdiction to Enjoin: Deficiency Action

In the context of an action for redetermination of deficiency, this Court's authority to restrain assessment or collection is found in the penultimate sentence of section 6213(a):

> The Tax Court shall have no jurisdiction to enjoin any action or proceeding or order any refund under this subsection unless a timely petition for a redetermination of the deficiency has been filed and then only in respect of the deficiency that is the subject of such petition.

In the present case, it is not clear that petitioner intended to commence an action for redetermination of the 2004 deficiency.  After all, there are no assignments of error nor allegations of fact, as required by Rule 34(b)(4) and (5), in respect of respondent's deficiency determination; rather, the petition is styled as a collection action, and the substantive allegations found in paragraphs 5 and 6 focus exclusively on respondent's January 24, 2008 Lock-in Letter and matters related thereto.  If petitioner did not commence an action for

---

[9](...continued)
its employees, even when those directions conflict with the information provided by the employee on his withholding certificate, because the employer is simply complying with applicable IRS code sections and regulations governing withholding. *See, e.g.*, Chandler v. Perini Power Constructors, Inc., 520 F.Supp. 1152, 1153 (D.C.N.H. 1981); McFarland v. Bechtel Petroleum, Inc., 586 F.Supp. 907, 910 (N.D.Cal. 1984).

redetermination, we lack jurisdiction to enjoin assessment or collection under section 6213(a).

Assuming arguendo that petitioner did intend to commence an action for redetermination of deficiency, section 6213(a) makes plain that we may only enjoin "in respect of the deficiency that is the subject of such petition." The only deficiency that could be the subject of the petition is the deficiency for 2004. But for that year there is no assessed liability (nor unassessed accruals), and the record is clear that respondent is taking, and has taken, no collection action whatsoever with regard to respondent's deficiency determination for that year. Indeed, even petitioner has not argued to the contrary, for his sole focus is on the January 24, 2008 Lock-in Letter, which letter concerns only current withholding and has no effect on 2004.

In short, if the present action represents (in whole or in part) an action for redetermination of deficiency, there is no basis upon which we might grant petitioner's motion to enjoin assessment and collection. Sec. 6213(a); see Dover Corp. v. Commissioner, T.C. Memo. 1997-339, affd. 148 F.3d 70 (2d Cir. 1998).

C. Jurisdiction to Enjoin: Collection Action

In the context of a lien or levy action (collection action), this Court's authority to restrain assessment or collection is found in the last sentence of section 6330(e)(1):

The Tax Court shall have no jurisdiction under this paragraph to enjoin any action or proceeding unless a timely appeal has been filed under subsection (d)(1) and then only in respect of the unpaid tax or proposed levy to which the determination being appealed relates.

Thus, section 6330(e)(1) contemplates that we first have plenary jurisdiction in a lien or levy action before we can enjoin "any action or proceeding" and then only "in respect of the unpaid tax or proposed levy to which the determination being appealed relates." Accordingly, we must consider the conditions to be satisfied before we have plenary jurisdiction in a lien or levy action.

In a lien or levy action (collection action) under sections 6320 and 6330, this Court's jurisdiction depends on (1) the issuance of a notice of determination by the Commissioner's Office of Appeals after the taxpayer has requested an administrative hearing following the issuance by the Commissioner's collection division of either a final notice of intent to levy, see sec. 6330(a), or a notice of filing of Federal tax lien, see sec. 6320(a), and (2) the timely filing of a petition by the taxpayer, see Sarrell v. Commissioner, 117 T.C. 122, 125 (2001); Moorhous v. Commissioner, 116 T.C. 263, 269 (2001); Offiler v. Commissioner, 114 T.C. 492, 498 (2000); see also Rule 330(b).[10]

---

[10] We note that this Court is a court of limited jurisdiction. See sec. 7442. Accordingly, we may exercise jurisdiction only to the extent expressly authorized by statute.

(continued...)

In the instant case, respondent's Appeals Office has not issued any notice of determination for 2004. Indeed, as we have already discussed, petitioner has no outstanding (i.e., assessed but unpaid) liability for that year. Likewise, respondent's Appeals Office has not issued any notice of determination for 2008, as that year is still open and has yet to close. Petitioner might say that respondent's January 24, 2008 Lock-in Letter constitutes a notice of determination within the meaning of sections 6320 and 6330, but it does not. Ballard v. Commissioner, T.C. Memo. 2007-159. Thus, lacking any notice of determination, we are left without jurisdiction to enjoin anything.

Ignoring the foregoing, and relying heavily on Buffano v. Commissioner, T.C. Memo. 2007-32, petitioner argues that respondent's January 24, 2008 Lock-in Letter constitutes a species of collection action and that "ALL collection activity is governed under IRC §6330." We disagree.

We begin with Buffano v. Commissioner, supra. That case was a levy action involving the Commissioner's efforts to collect a taxpayer's outstanding (i.e., assessed but unpaid) liabilities for 2000 and 2001. The only motion before us there was the Commissioner's motion to dismiss for lack of jurisdiction. In that regard, the Commissioner argued that the case should be

---

[10](...continued)
Breman v. Commissioner, 66 T.C. 61, 66 (1976).

dismissed on the ground that no notice of determination had been issued to the taxpayer because the taxpayer had not requested an administrative hearing following the issuance of a final notice of intent to levy. In contrast, the taxpayer argued that the final notice of intent to levy had not been mailed to him at his last known address (and had not been received), thereby depriving him of the opportunity of pre-levy review. The Court agreed with the taxpayer, held that the final notice was invalid, and denied the Commissioner's motion; the Court then dismissed the case on the alternative ground that the final notice was invalid. In short, petitioner's reliance on Buffano v. Commissioner, supra, is misplaced; that case is simply irrelevant to the matter before us.

We also flatly reject petitioner's contention that respondent's January 24, 2008 Lock-in Letter is a collection action within the meaning of sections 6320 and 6330. As we said in Ballard v. Commissioner, supra:

> There is nothing in the legislative history of the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, 112 Stat. 685, that would indicate that Congress intended to include withholding of income tax as the type of collection action for which a hearing must be offered to the taxpayer.

Thus, respondent's issuance of a Lock-in Letter need not be preceded by the issuance of a final notice offering the taxpayer

an administrative hearing followed by judicial review. Stated otherwise, a Lock-in Letter is not a levy.[11]

Petitioner's assertion that "ALL collection activity is governed under IRC §6330" is also wrong. Here we need only mention the common-law right of "offset" or "set-off", codified in section 6402(a), that permits the Commissioner to credit an overpayment for one taxable year against a taxpayer's liability for another taxable year. In that regard, this Court has expressly held that an offset, made pursuant to section 6402(a), does not constitute a levy and is therefore not subject to the provisions of section 6330. Bullock v. Commissioner, T.C. Memo. 2003-5, affd. without published opinion 206 Fed.Appx. 164 (3rd Cir. 2006); accord Boyd v. Commissioner, 451 F.3d 8 (1st Cir. 2006), affg. 124 T.C. 296 (2005).

Finally, petitioner baldly asserts, without citation of authority, that "It is a fundamental principle of law that there is always a remedy." But, there is no "fundamental principle of law" that the "remedy" to a Lock-in Letter is necessarily found in section 6330.[12] And, further, there are both administrative

---

[11] Petitioner's reliance on Bennett v. United States, 361 F.Supp.2d 510 (W.D.Va. 2005), affd. in part and dismissed in part by unpublished per curiam order 155 Fed.Appx. 716 (4th Cir. 2005), is misplaced. That case involved an action brought by the taxpayer under sec. 7433. The District Court's opinion did not even cite, much less discuss, sec. 6330 or the Tax Court's authority to enjoin assessment and collection.

[12] See, e.g., Bullock v. Commissioner, supra, (holding
(continued...)

and judicial remedies available to a taxpayer who feels put-upon by the Commissioner's Withholding Compliance Program. Thus, by its very terms, a Lock-in Letter does not contemplate that an employer immediately adjust the employee's withholding, but rather wait a stipulated period of time in order to permit the employee an opportunity to substantiate his or her withholding. See, e.g., IRM 5.19.11.3.10 (May 1, 2006); see also sec. 31.3402(f)(2)-1(g)(2)(v), Employment Tax Regs.; sec. 31.3402(f)(2)-1(g)(4), Example 5, Employment Tax Regs. Further, an employee still not satisfied may (and should) file a return, claim the amount withheld as a credit against his or her tax liability, and request a refund.[13] That approach failing, the employee may institute a refund suit pursuant to section 7422 with either the appropriate United States District Court or the United States Court of Federal Claims. See McCormick v. Commissioner, 55 T.C. 138, 142 n.5 (1970).

---

[12](...continued)
that an offset made pursuant to sec. 6402(a) does not constitute a levy and is therefore not subject to the provisions of sec. 6330).

[13] See Bennett v. United States, supra at 517, wherein the District Court stated that the taxpayer

> does have a legal remedy to reclaim any excess amount of income tax withheld. He can simply file his income tax return for the year and receive a full refund of any overpayment.

D.  <u>Conclusion</u>

If the instant action is viewed as an action for redetermination, then our jurisdiction to enjoin is limited to the deficiency that is the subject of the action.  Sec. 6213(a). The deficiency that is arguably the subject of the instant action involves only 2004.  But, to date, respondent has not assessed and is not attempting to collect anything for that year.  Thus, there is nothing to restrain.  In this context, petitioner's motion is without merit and must be denied.

If the instant action is viewed as one for collection review, then our jurisdiction to enjoin is subject to section 6330(e)(1).  However, the only "collection" action identified by petitioner is respondent's January 24, 2008 Lock-in Letter.  But because that letter is not a collection action within the meaning of the collection review provisions of sections 6320 and 6330, respondent's Appeals Office had no occasion to, and did not, issue a notice of determination.  Absent a notice of determination and a timely appeal in respect thereof, this Court lacks jurisdiction to enjoin.  In this context, petitioner's motion must therefore be denied.

To give effect to the foregoing,

<u>An appropriate order will be</u>

<u>entered</u>.