T.C. Memo. 2009-48


UNITED STATES TAX COURT


JAMES ZIGMONT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8388-07L.                    Filed March 5, 2009.


In January 2006, R issued a final notice of intent
to levy and filed a notice of Federal tax lien in
respect of P's outstanding liabilities for taxable
years no later than 2003.  In March 2007, R's Appeals
Office issued notices of determination, sustaining the
proposed levy and the filing of the tax lien.  P timely
filed a petition seeking judicial review pursuant to
sec. 6330(d)(1), I.R.C.
        In January 2007, R issued a Backup Withholding
Notification subjecting P, on a prospective basis, to
backup withholding pursuant to sec. 3406, I.R.C.  P
filed a motion to restrain assessment and collection
directed solely at the Backup Withholding Notification.
        1.  <u>Held</u>: R's action subjecting P to backup
withholding is not a collection action within the
meaning of secs. 6320 and 6330, I.R.C.
        2.  <u>Held</u>, <u>further</u>, P's motion to restrain will be
denied.

James Zigmont, pro se.

Terry Serena and Audra Dineen, for respondent.


MEMORANDUM OPINION

ARMEN, Special Trial Judge:   This case is before the Court on petitioner's Motion To Restrain Assessment And Collection, as supplemented.  As explained in greater detail below, we shall deny petitioner's motion.[1]

I.  Background

The facts necessary to a resolution of the motion before us may be summarized as follows.

Petitioner resided in the State of West Virginia at the time that the petition was filed.

A.  Notices of Deficiency

By a notice of deficiency dated March 4, 2005, respondent determined a deficiency in petitioner's Federal income tax for 2002 of $119,751, together with an accuracy-related penalty under section 6662(a) and (b)(1) for negligence or intentional disregard of rules or regulations.[2]  See sec. 6212(a).  By a

---

[1]  Except as otherwise indicated, all section, subchapter, and chapter references are to the Internal Revenue Code of 1986, as amended.

[2]  The record does not include a copy of petitioner's tax return for 2002; however, the record does demonstrate that petitioner reported zero liability on that return.

second notice of deficiency dated March 23, 2005, respondent determined a deficiency in petitioner's Federal income tax for 2003 of $185,482, together with additions to tax under section 6651(a)(1) for failure to file and section 6654(a) for failure to pay estimated tax.[3]

The deficiency in tax for 2002 is based principally on respondent's determination that petitioner received, but failed to report, net short-term capital gain of $319,867. The deficiency is also based on respondent's determination that petitioner received, but failed to report other items of income, specifically including interest income of $22,424 received from Ferris, Baker Watts, Inc.[4]

The deficiency in tax for 2003 is based principally on respondent's determination that petitioner received, but failed to report, net short-term capital gain of $529,324, specifically including net short-term capital gain of $337,731 received from Ferris, Baker Watts, Inc. The deficiency is also based on respondent's determination that petitioner received, but failed

---

[3] Both notices of deficiency were sent to petitioner by certified mail addressed to him at the same address that petitioner has used throughout the instant proceeding.

[4] According to its Web site, Ferris, Baker Watts, Inc. is a full-service investment banking firm headquartered in Washington, D.C.; it is a member of the New York Stock Exchange and the Securities Investor Protection Corp. http://www.fbw.com.

to report other items of income, specifically including interest income of $32,592 received from Ferris, Baker Watts, Inc.

Petitioner did not file a petition for redetermination with this Court in respect of either the March 4, 2005 notice of deficiency or the March 23, 2005 notice of deficiency.  See sec. 6213(a).  Accordingly, on July 18, 2005, respondent assessed the determined deficiency and penalty for 2002, together with statutory interest, see sec. 6601(a), and sent petitioner a statutory notice of balance due, i.e., notice and demand for payment, see sec. 6303(a).  On September 5, 2005, respondent assessed the determined deficiency and additions to tax for 2003, together with statutory interest, and sent petitioner a statutory notice of balance due.

B.  Petitioner's Other Liabilities

On various dates, respondent assessed against petitioner $500 civil penalties under section 6702 for filing frivolous income tax returns for 2002 and 2003, as well as for 1998 and 2001.[5]  In each instance, respondent sent petitioner a statutory notice of balance due on the date of assessment.

---

[5]  The civil penalty under sec. 6702 is not subject to the deficiency procedures of subch. B of ch. 63 (secs. 6211-6216). Sec. 6703(b).  Accordingly, no notice of deficiency was sent to petitioner in respect of any of these penalties.

C.  Respondent's Collection Efforts

On January 11, 2006, respondent sent petitioner a Final Notice/Notice Of Intent To Levy And Notice Of Your Right To A Hearing (final notice).  See sec. 6330(a).  The final notice was issued in respect of petitioner's outstanding liabilities for 2002 and 2003.

On January 17, 2006, respondent filed a Notice of Federal Tax Lien (tax lien) with the Clerk of the County Commission of Harrison County in Clarksburg, West Virginia.  See sec. 6323(a), (f); Behling v. Commissioner, 118 T.C. 572, 575 (2002).  Shortly thereafter, respondent sent petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 (lien notice).  See sec. 6320(a).  Both the tax lien and the lien notice were issued in respect of petitioner's outstanding liabilities for 2002 and 2003, as well as petitioner's outstanding liabilities for 1998 and 2001.

Petitioner timely filed with respondent Form 12153, Request for a Collection Due Process Hearing, in respect of the final notice.  Petitioner also timely filed a second Form 12153 in respect of the lien notice.

On March 12, 2007, respondent's Office of Appeals sent petitioner a Notice Of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) in respect of petitioner's liabilities for 2002

and 2003.  See sec. 6330(c)(3); see also sec. 6320(c).  Also on March 12, 2007, respondent's Office of Appeals sent petitioner a notice of determination in respect of petitioner's liabilities for 1998 and 2001.  In each instance, the Office of Appeals sustained the proposed levy and the filing of the tax lien.

D.  Petitioner's Pleadings and Motion

Petitioner timely filed an imperfect petition with the Court, see secs. 6330(d)(1), 7502(a), "regarding a Notice of Determination I received from the Internal Revenue Service for the tax year[s] **2002 and 2003.**"  Petitioner attached to his imperfect petition a single exhibit, namely, a copy of the notice of determination for 2002 and 2003.

In response to the Court's Order requiring the filing of a proper amended petition, petitioner filed an Amended Petition. Paragraph 2 of the Amended Petition recites as follows:

> 2.  Petitioner(s) disagree(s) with the determination contained in the notice issued by the Internal Revenue Service for the year(s) or period(s) **UNKNOWN** as set forth in such notice **BACKUP WITHHOLDING NOTIFICATION**, dated **01/01/07** * * *.

Petitioner's pleadings had not previously included any allegation regarding backup withholding or a backup withholding notification.

Petitioner attached only one document as an exhibit to his amended petition, namely, a partial copy of a Backup Withholding Notification (Notice CP-543) dated January 1, 2007.  The Backup

Withholding Notification, which was issued by respondent's

Philadelphia, Pennsylvania Service Center and sent to Ferris,

Baker Watts, Inc., began as follows:

> The taxpayers named below or on the attached list are now subject to backup withholding under section 3406(a)(1)(C) of the Internal Revenue Code because of a notified payee underreporting.
>
> This is your notice to begin backup withholding at a rate of 28% on the dividend and/or interest payments you make to these taxpayers.  Begin withholding no later than 30 days from the date of this letter and continue until IRS notifies you in writing to stop.

Petitioner was one of the taxpayers "named below or on the

attached list" that had become subject to backup withholding.

See sec. 3406, discussed infra.

Contemporaneously with the Amended Petition, petitioner

filed his Motion To Restrain Assessment And Collection.

Petitioner's motion is directed solely at the January 1, 2007

Backup Withholding Notification.  In his motion, petitioner

states, inter alia, that "Respondent's [Backup] Withholding

Notification informed Petitioner that because he did not file an

income tax return reporting all income for tax year 2004[6] he was now subject to backup withholding."[7]

_____

[6] The record is silent regarding the status of petitioner's account for 2004. As previously discussed, the tax lien and the final notice were issued only in respect of petitioner's income tax liabilities for 2002 and 2003 and petitioner's sec. 6702 liabilities for those 2 years and 1998 and 2001.

Further, the Jan. 1, 2007 Backup Withholding Notification was prospective in its application. At the hearing on petitioner's motion, respondent's counsel suggested that a backup withholding indicator may have been inserted into petitioner's account transcript for 2004 (and possibly subsequent years as well) merely to alert respondent's agents that petitioner had been made subject to backup withholding at some point (but not necessarily in, or for, that taxable year).

[7] Although the record includes a copy of the Backup Withholding Notification (Notice CP-543) that was sent to Ferris, Baker Watts, Inc., the record does not include a copy of the notification that was sent to petitioner as the affected taxpayer. According to respondent's counsel, respondent would have sent petitioner either Backup Withholding Notification (Notice CP-539) or Backup Withholding Notification (Notice CP-541). Judging from petitioner's motion, it would appear that respondent sent petitioner the latter version of the notification. The latter version, as applicable to petitioner, would have provided, in part, as follows:

> Our records show that you did not timely file the income tax return reporting all your income from interest, dividends, or patronage dividends you received for tax year 2004 * * * .

> You are now subject to backup withholding.

> We are instructing all payers of dividends and interest that we have on record for you, to begin withholding 28% of those payments. * * *

> Backup withholding will usually remain in effect until the end of the year. In order for backup withholding to stop by January 1, 2008, you must pay all the amounts you owe, and report all the income, related to backup withholding by October 15, 2007. If

(continued...)

As previously stated, petitioner's motion to restrain is focused solely on the January 1, 2007 Backup Withholding Notification.  He complains that "Respondent has not informed Petitioner of any possible procedure to challenge or otherwise dispute the unlawful [Backup] Withholding Notification, which was erroneously and arbitrarily issued against Petitioner's wages [sic]."[8]  Petitioner complains further that he "attempted to submit a Form 12153, Request [for] a Collection Due Process hearing [in respect of the Backup Withholding Notification] but it was returned by Respondent" on the ground that hearings under section 6320 or 6330 are only offered in response of a notice of Federal tax lien filing or a final notice of intent to levy.  Finally, petitioner complains that in issuing the Backup Withholding Notification, "Respondent is attempting to conduct a

---

[7](...continued)
you do not meet the October 15 date, backup withholding will continue for the following year.

Notes:  (1) At the end of each calendar year, your payer(s) will give you a Form 1099 showing the amount of backup withholding.  You may claim that amount as regular income tax withholding on your federal income tax return.

[8]  Respondent's Backup Withholding Notification was not issued "against Petitioner's wages"; rather, as discussed infra, it was issued in respect of "reportable payments", such as interest income for which Ferris, Baker Watts, Inc. was required, as the payor, to file an information return and issue a Form 1099-INT, Interest Income, to petitioner as the payee-recipient-taxpayer.

collection action on Petitioner without issuing a Notice of Deficiency or even giving Petitioner a Hearing to challenge the collection action." Therefore, in petitioner's view, injunctive relief "pursuant to IRC Title 26 §6213(a) and pursuant to the prohibition on collection provided by IRC Title 26 §6330(a)" is warranted and the Court should order respondent to "withdraw" the January 1, 2007 Backup Withholding Notification.

In contrast, respondent contends that the January 1, 2007 Backup Withholding Notification does not constitute a collection action within the purview of sections 6320 and 6330 and that such notification need not therefore have been preceded by a final notice of intent to levy offering the right to an administrative hearing and judicial review.

## II. Discussion

The parties agree that petitioner was made subject to income tax withholding through respondent's action in serving Ferris, Baker Watts, Inc. with the January 1, 2007 Backup Withholding Notification. The parties also agree that respondent's action was not preceded by (or, for what matter, followed by) the issuance of a final notice of intent to levy in respect of the Backup Withholding Notification. Essentially, then, petitioner's motion to restrain requires that we decide whether respondent's action constitutes a prohibited collection action that should be (or can be) enjoined by this Court.

A.  Backup Withholding

As discussed in detail in <u>Davis v. Commissioner</u>, T.C. Memo. 2008-238, legislation requiring the withholding of income taxes at the source on wages was enacted in 1943, and this pay-as-you-go system for employees has been in place ever since.

Obviously, wage withholding does not apply to investment income.  Rather, with respect to payments made after December 31, 1983, a backup withholding system applies to so-called reportable payments.  Sec. 3406 (as added by the Interest and Dividend Tax Compliance Act of 1983, secs. 104(a) and 110(a), Pub. L. 98-67, 97 Stat. 371, 384); see H. Conf. Rept. 98-325 (1983), 1983-2 C.B. 362.  A "reportable payment" includes any reportable interest or dividend payment, sec. 3406(b)(1)(A), or "any other reportable payment", specifically including any payment of a kind, and to a payee, required to be shown on an information return required under section 6045 (relating to returns of brokers), sec. 3406(b)(1)(B), (3)(C).  Essentially then, and as relevant herein, a reportable payment is one for which the payor is required to issue a Form 1099-INT, Interest Income, see sec. 6049, Form 1099-DIV, Dividends and Distributions, see sec. 6042, or Form 1099-B, Proceeds From Broker and Barter Exchange Transactions, see sec. 6045.

The requirement to deduct and withhold in respect of a reportable payment is triggered by one of the circumstances set

forth in section 3406(a)(1), for example, where there has been "a notified payee underreporting".  Sec. 3406(a)(1)(C).[9]  Once the requirement is triggered, the payor of the reportable payment is required to withhold income tax at "the fourth lowest rate of tax applicable under section 1(c)".[10]  Sec. 3406(a)(1).

Section 3406(i) authorizes "such regulations as may be necessary or appropriate to carry out the purposes of this section."  Promulgated regulations are outlined at section 31.3406-0, Employment Tax Regs., and appear as sections 31.3406(a)-1 through 31.3406(j)-1, Employment Tax Regs.  The nitty-gritty regarding the operation of the Commissioner's Backup Withholding Program is set forth at 2 Administration, Internal Revenue Manual (IRM)(CCH) pt. 5.19.3 at 18,327.

Because backup withholding is a species of income tax withholding, amounts withheld by the payor of a reportable payment are creditable to the payee-recipient of the reportable

---

[9]  A "notified payee underreporting" is defined in sec. 3406(c).  If, inter alia, the Commissioner determines with respect to any payee that there has been "payee underreporting" (as defined in sec. 3406(c)(2)), then the Commissioner may notify payors of reportable payments "with respect to such payee of the requirement to deduct and withhold under subsection (a)(1)(C)".  Sec. 3406(c)(1).

[10]  Sec. 1(c) sets forth the tax rates applicable to unmarried individuals (other than surviving spouses and heads of households).  For 2007, the year of respondent's Backup Withholding Notification, the fourth lowest rate was 28 percent.  Id.

payment, i.e., to the taxpayer, for the year in which the amount is withheld.  See Davis v. Commissioner, supra.

B.  Jurisdiction To Enjoin--Deficiency Action

In the instant case, petitioner seeks injunctive relief "pursuant to IRC Title 26 §6213(a)".

In the context of an action for redetermination of deficiency, i.e., in an action commenced pursuant to section 6213(a), this Court's authority to restrain assessment or collection is found in the penultimate sentence of section 6213(a):

> The Tax Court shall have no jurisdiction to enjoin any action or proceeding or order any refund under this subsection unless a timely petition for a redetermination of the deficiency has been filed and then only in respect of the deficiency that is the subject of such petition.[11]

Petitioner never commenced an action for redetermination in respect of either the March 4, 2005 notice of deficiency or the March 23, 2005 notice of deficiency.  Regardless, the instant case is not, and does not even purport to be, an action for redetermination.  Moreover, backup withholding (which is "the subject" of petitioner's motion), does not constitute a "deficiency".  See sec. 6211(a).

---

[11]  We note that this Court is a court of limited jurisdiction.  See sec. 7442.  Accordingly, we may exercise jurisdiction only to the extent expressly authorized by statute. Breman v. Commissioner, 66 T.C. 61, 66 (1976).

In view of the foregoing, we lack jurisdiction to enjoin assessment or collection "pursuant to IRC Title 26 §6213(a)". See Davis v. Commissioner, supra.

C. Jurisdiction To Enjoin--Collection Action

Petitioner also seeks injunctive relief in the instant case "pursuant to the prohibition on collection provided by IRC Title 26 § 6330(a)".

In the context of a lien or levy action (collection action), this Court's authority to restrain assessment or collection is found not in section 6330(a) but rather in section 6330(e)(1), the last sentence of which provides as follows:

> The Tax Court shall have no jurisdiction under this paragraph to enjoin any action or proceeding unless a timely appeal has been filed under subsection (d)(1) and then only in respect of the unpaid tax or proposed levy to which the determination being appealed relates.

Thus, section 6330(e)(1) makes plain that our authority to enjoin in a lien or levy action is only applicable "in respect of the unpaid tax or proposed levy to which the determination being appealed relates." See Davis v. Commissioner, T.C. Memo. 2008-238.

In the instant case, the "determination being appealed" is respondent's determination made in the March 12, 2007 notices of determination. Those determinations sustained the proposed levy and the filing of the tax lien, which levy and lien relate only to petitioner's outstanding income tax liabilities for 2002 and

2003 and petitioner's outstanding section 6702 liabilities for those 2 years and 1998 and 1991. Neither determination addressed the propriety of backup withholding.

In addition, backup withholding is prospective in nature; the January 1, 2007 Backup Withholding Notification could not, therefore, affect any of the taxable years in respect of which the March 2007 notices of determination were issued. But even more fundamentally, respondent's January 1, 2007 Backup Withholding Notification does not constitutes a notice of determination within the meaning of sections 6320 and 6330. See Davis v. Commissioner, supra; Ballard v. Commissioner, T.C. Memo. 2007-159, affd. ___ Fed. Appx. ___ (9th Cir., Jan. 26, 2009).

Ignoring the foregoing, petitioner essentially argues that respondent's January 1, 2007 Backup Withholding Notification constitutes a species of collection action that is governed by sections 6320 and 6330. We disagree. As we said in Ballard v. Commissioner, supra, "There is nothing in the legislative history of the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, 112 Stat. 685, that would indicate that Congress intended to include withholding of income tax as the type of collection action for which a hearing must be offered to the taxpayer." See also Davis v. Commissioner, supra (rejecting the notion that all collection activity is governed by section 6330). Thus, the Commissioner's issuance of a Backup Withholding

Notification need not be preceded by the issuance of a final notice offering the taxpayer the right to an administrative hearing followed by judicial review. Id. Stated otherwise, a Backup Withholding Notification is not a levy.

Finally, in Davis v. Commissioner, supra, we held that there is no "fundamental principle of law" that the "remedy" to a Lock-in Letter is necessarily found in section 6330. Here we hold similarly that there is no fundamental principle of law that the remedy to a Backup Withholding Notification is necessarily found in section 6330. Like the taxpayer in Davis who becomes subject to the Commissioner's Withholding Compliance Program, the taxpayer who becomes subject to the Commissioner's Backup Withholding Program may bring him- or herself into compliance by filing a return, claiming the amount withheld as a credit against his or her tax liability, and requesting a refund. That approach failing, the taxpayer may always file with the Commissioner a claim for refund and then institute a refund suit pursuant to section 7422 with either the appropriate U.S. District Court or the U.S. Court of Federal Claims. See McCormick v. Commissioner, 55 T.C. 138, 142 n.5 (1970). Administrative recourse may also be available. E.g., 2 Administration, IRM (CCH) pt. 5.19.3.4.2.8 at 18,336 (May 8, 2000).

In sum, we lack jurisdiction to enjoin assessment or collection "pursuant to the prohibition on collection provided by IRC Title 26 § 6330(a)".  See <u>Davis v. Commissioner</u>, <u>supra</u>.

III.  <u>Conclusion</u>

To give effect to the foregoing,

<u>An order denying</u>

<u>petitioner's Motion To</u>

<u>Restrain Assessment And</u>

<u>Collection, as supplemented,</u>

<u>will be issued</u>.