JOHN HENRY RYSKAMP, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Ryskamp v. Comm'r
Docket No. 17098-10 L.
United States Tax Court
2010 U.S. Tax Ct. LEXIS 64; 2013-2 U.S. Tax Cas. (CCH) P50,396; October 7, 2010, Decided
*64 John O. Colvin, Chief Judge.
John O. Colvin
ORDER AND ORDER OF DISMISSAL FOR LACK OF JURISDICTION
The petition in this case was filed on July 28, 2010. Petitioner in the petition seeks review of a purported notice of determination concerning collection action dated July 22, 2010, allegedly issued to him for 2010. No notice of determination under I.R.C. section 6320 or 6330 was attached by petitioner to the petition. Rather, petitioner attached only a copy of an IRS letter dated July 22, 2010, which, among other things, (1) advised petitioner he is not entitled to claim exempt status or more than a specified number of withholding exemptions, and (2) stated the IRS had instructed petitioner's employer to begin withholding income tax from petitioner's wages based on a marital status of single and no withholding allowances (the so called "Lock-in Letter").
On August 9, 2010, petitioner filed an amendment to petition asserting that an IRS letter dated August 3, 2010, denying petitioner's July 19, 2010, request for an installment agreement for his unpaid income tax liabilities for 2003, 2004, 2005, 2008, and 2009, constitutes a notice of determination. Petitioner attached a copy of that August *65 3, 2010, IRS letter.
On August 9, 2010, petitioner further filed a Motion To Restrain Assessment and Collection on the grounds that (1) respondent's procedures as a result of a so called "Lock-in Letter" requiring petitioner's employer to make a prospective adjustment to petitioner's withholding constitutes a collection action within the meaning of I.R.C. sections 6320 and 6330 and/or (2) respondent's action in the August 3, 2010, IRS letter constitutes a collection action within the meaning of I.R.C. sections 6320 and/or 6330. On August 31, 2010, respondent filed an Objection to petitioner's motion to restrain. On September 3, 2010, petitioner filed a Response to respondent's objection. On September 7, 2010, petitioner filed a Supplement to his response. On September 8, 2010, petitioner filed a Second Supplement to his response.
On September 30, 2010, respondent filed a Motion To Dismiss for Lack of Jurisdiction on the ground no notice of determination under I.R.C. section 6320 or 6330 or other notice of determination has been issued to petitioner for taxable years 2003, 2004, 2005, 2008, and 2009 that would permit petitioner to invoke the Court's jurisdiction. In support of that motion *66 respondent states that, based on a diligent search conducted of respondent's records, respondent has determined that no notice of determination under I.R.C. section 6320 or 6330 or other notice of determination has been issued to petitioner for taxable years 2003, 2004, 2005, 2008, and 2009 that would permit petitioner to invoke the Court's jurisdiction. On October 4, 2010, petitioner filed an Opposition to respondent's motion to dismiss. In that Opposition petitioner again only argues that the so called "Lock-in Letter" and/or the August 3, 2010, IRS letter denying petitioner an installment agreement, constitute notices) of determination for purposes of I.R.C. sections 6320 and 6330.
The Tax Court is a court of limited jurisdiction and may exercise jurisdiction only to the extent expressly authorized by Congress. Naftel v. Commissioner, 85 T.C. 527, 529 (1985); Breman v. Commissioner, 66 T.C. 61, 66 (1976). The Court's jurisdiction to review certain collection activity by the Internal Revenue Service under I.R.C. sections 6320 and 6330 depends on the issuance of a valid notice of determination and the timely filing of a petition with this Court for review. Orum v. Commissioner, 123 T.C. 1 (2004), *67 affd. 412 F.3d 819 (7th Cir. 2005); Sarrell v. Commissioner, 117 T.C. 122, 125 (2001); Moorhous v. Commissioner, 116 T.C. 263, 269 (2001); Offiler v. Commissioner, 114 T.C. 492, 498 (2000); see Rule 330(b), Tax Court Rules of Practice and Procedure.When respondent's Appeals Office issues a notice of determination to a taxpayer following an administrative hearing regarding a collection matter, section 6330(d) (1) provides that the taxpayer will have 30 days following the issuance of such determination letter to file a petition for review with the Tax Court. See Sarrell v. Commissioner, 117 T.C. 122, 125 (2001); Offiler v. Commissioner, 114 T.C. 492, 498 (2000). Thus, in the absence of a notice of determination under I.R.C. section 6320 or 6330, this Court lacks jurisdiction. See discussion in Andre v. Commissioner, 127 T.C. 68, 69-70, 73-74 (2006).
In Davis v. Commissioner, T.C. Memo 2008-238, this Court held that the Commissioner's procedures with respect to the so called "Lock-in Letter" do not constitute a collection action within the meaning of I.R.C. sections 6320 or 6330. The Lock-in Letter is not a notice of determination within the meaning of I.R.C. sections 6320 and 6330. Ballard v. Commissioner, T.C. Memo 2007-159, *68 affd. 310 Fed.Appx. 177 (9th Cir. 2009). The record in this case establishes that neither the so called "Lock-in Letter" nor the August 3, 2010, IRS letter denying petitioner's request for an installment agreement, is a notice of determination under I.R.C section 6320 or 6330.
The foregoing and the premises considered, it is
ORDERED that respondent's Motion To Dismiss for Lack of Jurisdiction, filed September 30, 2010, is granted and this case is dismissed for lack of jurisdiction. It is further
ORDERED that petitioner's Motion To Restrain Assessment and Collection, filed August 9, 2010, is denied.
/s/ John O. Colvin
Chief Judge
ENTERED: OCT 07 2010